A. L. CLARK LUMBER COMPANY *v.* ST. CONER.

Opinion delivered January 23, 1911.

1. INSTRUCTIONS—CONSTRUCTION AS A WHOLE.—Though the instructions given in a case may be apparently conflicting, if from the language used or the relation which the instructions bear to each other it is readily seen that they are to be read together without conflict, they should be so treated. (Page 363.)

2. SAME—NECESSITY OF SPECIFIC OBJECTION.—In an action for an injury to an employee caused by a structural defect, the giving of an instruc-

tion that a master is bound to exercise ordinary care in furnishing a safe place to his servant to work in, and that *if the plaintiff's injury was caused by a defective scaffold furnished by the defendant,* and the plaintiff did not know of its unsafe condition, the jury should find for the plaintiff, is not cause for reversal where no specific objection was taken to the objectionable portion of the instruction, which is italicized. (Page 363.)

3. MASTER AND SERVANT—ASSUMED RISK.—Where there was testimony that a servant was injured while performing a task not in the line of his ordinary duties and under the direct commands of a vice principal, it was not error to refuse to instruct the jury that the servant assumed all risks of which he knew or could have known by the exercise of ordinary care. (Page 364.)

4. DAMAGES—FUTURE SUFFERING.—In an action for personal injuries the jury may consider future suffering in fixing the amount of damages. (Page 365.)

5. INSTRUCTION—SPECIFIC OBJECTION.—The error of instructing the jury that in fixing damages for personal injuries they should consider plaintiff's *probable* future suffering, instead of telling them to consider his future suffering, is a defect which should be met by specific objection. (Page 365.)

6. DAMAGES—EVIDENCE.—In an action for personal injuries it was competent for the plaintiff to testify that he was a sawyer, and had been promised that position by defendant when a vacancy occurred, that this position carried with it an increase of salary, and that, owing to his injuries he could not now perform the duties of a sawyer. (Page 366.)

7. MASTER AND SERVANT—UNSAFE PLACE TO WORK.—Evidence that plaintiff was injured by reason of a hidden defect in the place which his master furnished him to work in will sustain a verdict holding the master liable for his injuries. (Page 366.)

Appeal from Pike Circuit Court, *James S. Steel,* Judge; affirmed.

*McRae & Tompkins* and *D. L. McRae,* for appellant.

1. The first instruction given is erroneous in that it places liability on appellant merely on proof that appellee's injury was caused by the unsafe scaffold. It makes appellant's liability depend upon the occurrence of the injury, and assumes disputed facts. The giving of subsequent instructions at appellant's request opposing this erroneous theory would not operate to cure the defects in this instruction. 65 Ark. 64; 76 Ark. 69-73. It is further erroneous in that it places no duty whatever upon appellee in respect to the care to be exercised by him in prosecuting his work. 90 Ark. 233. It was the duty of appellee to

exercise ordinary care to discover the condition of the platform; and if he failed to exercise such care to discover an obvious and patent defect, he was guilty of contributory negligence. 92 Ark. 102-109; 89 Ark. 536.

2. The third instruction is erroneous, in allowing an assessment of damages, not only for pain and suffering caused by the injury, but also for *probable future suffering.* There is no proof to show future mental and physical pain. 90 Ark. 278; 44 L. R. A. 821. It is further erroneous in that it left the jury to speculate as to such future suffering, whereas they should have been confined to such pain and suffering as must *necessarily* result from the injury. 13 Cyc. 139; 3 Hutchinson on Carriers, § 805; 30 L. R. A. 504; 89 Wis. 371; 27 L. R. A. 365; 75 Am. Dec. 264; 147 U. S. 571; 91 Wis. 637; 65 N. W. 374; 75 C. C. A. 18; 61 C. C. A. 34; 83 C. C. A. 422.

3. The admission over appellant's objection of appellee's testimony to the effect that he went to Glenwood under promise that he would have the job of sawyer there was erroneous and prejudicial. The testimony was conjectural, and the damage sought to be proved thereby was speculative and remote, and its effect was to magnify appellee's injury. 149 U. S. 266; 86 Ga. 145; 24 L. R. A. (N. S.) 128.

*W. P. Feazel* and *McMillan & McMillan,* for appellee.

1. This case falls within the rule requiring the master to exercise ordinary care to furnish the servant a reasonably safe place to work, and to use ordinary care to keep it safe. Where the place furnished proves dangerous, and causes injury to the servant, and the facts and circumstances show that this condition could have been discovered by the exercise of ordinary care, the jury have a right to infer that it was negligence on the part of the master in failing to discover the defect, or in failing to repair it after discovering it. 95 Ark. 447; 92 Ark. 355-6; 66 Vt. 331; 149 U. S. 368; 152 U. S. 684; 4 Thompson on Neg., 3803c; 1 Labatt on Master & Servant, 155-157; 82 Ark. 374-376; 87 Ark. 452; 95 Ark. 588; 87 Ark. 217; 90 Ark. 223; 95 Ark. 477.

2. When the first instruction, to which only a general objection was made below, is read in connection with the other instructions given, as, under the rule of this court, it will be, it

will be seen that the jury could not have been misled.  89 Ark. 24; 89 Ark. 178; 87 Ark. 298; 93 Ark. 183; *Id.* 599; 87 Ark. 398; 65 Ark. 257; 73 Ark. 534.

3. Instructions 11 and 16 requested by appellant were properly refused, because they tell the jury that it was appellee's duty to search for latent defects.  They would have been misleading.  90 Ark. 227-228.

4. The instruction on the measure of damages is correct. 80 Ark. 528.  Future pain is a proper element of damages. 65 Ark. 610; 60 Ark. 485; 35 Ark. 494, 495.

HART, J.  Appellant prosecutes this appeal to reverse a judgment against it in favor of appellee for damages received by him while in the employ of appellant and alleged to have been sustained on account of the negligence of appellant.

In June, 1909, appellee was employed at the sawmill of appellant as off-bearer, that is he bore slabs away from the saw. The mill was shut down, and the mill foreman told appellee to lower the shafting.  This was done by unscrewing the bars from the bolts and lifting the bolts off.  While engaged in unscrewing the nuts, he stood on a plank two inches thick by ten inches wide. The plank was resting on the beams which cross the mill.  The beams were twelve by twelve inches.  The planks were on a level, were laid lengthwise, and were 14 feet from the floor.  They were supposed to meet on the heavy timbers.  Appellee had taken all the nuts off except one; and when he went to step on the plank that runs along for a man to walk on, it dropped out from under him, and appellee fell to the floor, his feet striking first. There was fine sawdust and filings on the plank which fell with appellee from about one-half to one inch thick.  Appellee states that this was his first trip up to the slasher scaffold.  That he did not put the planks there, and does not know who did.  That he does not know how many were laid across the joists.  That they were not nailed to the joists.  Appellee states that he discovered this fact by examination made sometime after he was injured, but also states that it was not customary to nail the planks to the joists.  That he was doing this work at the direction of his foreman.

The foreman also testified that he was present and directing appellee about his work when he fell.  That he was on a scaffold

up under the slasher unscrewing some nuts, and while so engaged the scaffold gave way, and he fell to the floor about 14 feet. That the plank which fell with him was already there and was not placed there by appellee. Appellee also adduced evidence tending to show the character and extent of his injuries, and that they were permanent. No complaint is made that the verdict is excessive, and it is not therefore necessary to more particularly describe the extent of appellee's injuries.

Appellant adduced evidence tending to show that the plank or scaffold which gave way with appellee and caused him to fall was not there when he began the work, but was placed there by himself.

It is first insisted by counsel for appellant that the judgment should be reversed because the court erred in giving the following instruction:

"While it is true that the plaintiff assumed all the risks that were ordinarily incident to the service in which he was engaged, yet he did not assume the risk of any negligence on the part of the defendant or employees. In the absence of knowledge on his part, the plaintiff had the right to presume that the defendant had performed the duties that devolved upon it. One of the duties imposed upon the defendant by law was to exercise ordinary care to provide a reasonably safe scaffold for the plaintiff to work on. A master is bound to exercise ordinary care in furnishing a safe place to his servant to work on, whether it is of a simple character, or whether it is dangerously situated. Therefore, if you find from the evidence that the plaintiff's injury was caused by the unsafe scaffold furnished by the defendant on which to work, and that plaintiff did not know of its unsafe condition, you will find for the plaintiff."

They contend that this instruction "ignores altogether the question of whether appellant was negligent in furnishing appellee an unsafe scaffold, and places liability on appellant merely on proof that appellee's injury was caused by the unsafe scaffold." That "it is framed in a recital form, so that the conclusion of the instruction is erroneous in assuming that the scaffold was unsafe." It will be noted, however, that the first part of the instruction told the jury that appellant was only required to exercise ordinary care to provide a reasonably safe

scaffold for appellee to work on. Moreover, the court gave numerous instructions at the request of appellant, and in fact gave all instructions asked for by appellant except two, which will be noticed hereafter. In these instructions the jury was told that no presumption of negligence arose from the happening of the accident; that appellee must prove that his injury resulted from the negligence of the appellant, and that such negligence was the proximate cause of the injury; that the appellant only owed the duty to exercise ordinary care to provide a reasonably safe place for appellee to work. The doctrines of assumed risk and of contributory negligence were fully covered; the jury were told that if appellee placed the plank or scaffold which fell under him, he could not recover, and the instructions, when considered as a whole, covered every phase of the case, and were so complete that we can not see how the jury could have been misled by the language in the latter part of the instruction. There was only one disputed question of fact in the case, and that was whether the appellee provided his own scaffold, or whether it was already there when the foreman directed him to unscrew the nuts. From the instructions given at the request of appellant, it is perfectly apparent that, had the court's attention been directly called to the defect in the latter part of the instruction, such defect would have been corrected.

In the case of *St. Louis, I. M. & S. Ry. Co.* v. *Rogers,* 93 Ark. 564, the court recognized the rule of this court that where instructions are conflicting and it is impossible for an appellate court to tell which of them the jury followed, the judgment should be reversed, but said: "There are, however, cases, as we conceive, not inconsistent with this rule, where we have held that the law of the case can not be stated in one paragraph or instruction, and that, though the instructions given may be apparently conflicting, if from the language used or the relation which the instructions are made by the whole charge to bear toward each other it is readily seen that they are to be read together without conflict and as a harmonious whole, and they can be so read, then it is our duty to so treat them." To the same effect: *Kruse* v. *St. Louis, I. M. & S. Ry. Co., ante* p. 137.

When tested by this rule in the light of the facts and circumstances in this case as detailed above, we fail to see how any

prejudice could have resulted to appellant. See, also, *St. Louis, I. M. & S. Ry. Co.* v. *Barnett,* 65 Ark. 255, 259, that a general objection was insufficient. The court held:

"The giving of an instruction to the effect that it is the duty of a railroad company to keep its station platform in safe condition for the use of passengers is not cause for reversal where no specific objection was taken to the court's failure to limit or explain the meaning of the term 'safe.' "

2. Counsel for appellant insist that the court erred in refusing the following instruction:

"(11.) You are further told that the plaintiff, by entering the employment of the defendant and engaging in the work of holding the taps of the bolts with a wrench, assumed the ordinary risks and dangers incident thereto, so far as they were known to him and also so far as they could have been known to him by the exercise of ordinary care and prudence; and if you believe from the evidence that the plaintiff at and prior to the fall which injured him knew that the plank was too short, or that it was not securely fastened, or that it was not fit for use as a scaffold, or if he could have known that it was too short, or that it was not securely fastened, or was not fit for use as a scaffold, by the exercise of ordinary care and prudence upon his part, then the plaintiff cannot recover, and your verdict should be for the defendant."

We cannot agree with them. In the case of *Southern Cotton Oil Co.* v. *Spotts,* 77 Ark. 458, the court said: "When acting under the direct commands of the master, before the servant can be said to have assumed the risk, it must be found that he knew of the danger and appreciated it. It is not correct to say, in the language of the instruction just quoted, that 'he is chargeable with knowledge of such dangers as he might have known and comprehended by the exercise of ordinary care,' and assumed all the risk incident to the service he was performing. The instruction would have been applicable to a state of fact where the servant was proceeding in the discharge of his regular duties in the ordinary way, but not where he was proceeding under the command of his master, and in the face of a danger not incident to his ordinary duties."

In the case at bar, the testimony on the part of appellee

shows that he was not doing his ordinary work, but was performing a special task under the direction and supervision of his foreman. The instruction was erroneous in ignoring this feature of the case.

For the same reason there was no error in refusing instruction No. 16.

3. It is urged by counsel for appellant that the court erred in its instruction on the measure of damages. The instruction is as follows:

"(3.) If you find for the plaintiff, in assessing his damages you may take into consideration his pain and suffering, both mental and physical, caused by the injury, if any is proved; his probable future suffering as a result of the injury, if any future suffering appears from the evidence to probably result from the injury; his expenses for medical attendance caused by the injury, if any are proved; his decreased earning capacity caused by the injury, if any is proved; his loss of time caused by the injury, if any is proved; and any disfigurement to his person caused by the injury, if any is proved."

In cases where the injury is permanent, future suffering may be taken into consideration by the jury in fixing the amount of damages. *Railway Co.* v. *Dobbins,* 60 Ark. 481; *St. Louis, I. M. & S. Ry. Co.* v. *Waren,* 65 Ark. 619.

In the case at bar appellee testified that he was 45 years old; that he could not stand on his injured foot for any length of time without suffering pains in his back and hips; that the more he uses it, the greater the pain is. The same physician who examined it six months before the trial testified that he had examined the injured foot two days before the trial. After stating in detail the injury to the foot, he said that the heel bone had been driven up between the bones of the leg and widened out; that the ankle would never be as good as it was before the injury; that he could not say to what extent the injuries would be permanent. In conclusion, he stated he did not think the foot of appellee would ever get back to its normal condition.

The defect of verbiage in the instruction should have been met by specific objection. That is to say, while the word "probable" should not have been used in connection with future suffering, because the jury must find from the evidence that he

would suffer in the future on account of his injury being permanent, according to the rule of *St. Louis, I. M. & S. Ry. Co.* v. *Barnett, supra,* a specific objection should have been made, and the quotation we have heretofore made from the case applies here.

It was competent for the appellee to testify that he was a sawyer, and had been promised that position by appellant when a vacancy occurred, and that this position carried with it an increase of salary; that, owing to his injuries, he could not now perform the duties of a sawyer. This was a proper element of damages. *Railway Co.* v. *Sweet,* 60 Ark. 550.

4. It cannot be said that the verdict is without evidence to support it. It was the duty of appellant to exercise ordinary care to furnish appellee with a reasonably safe place to work. At the time he was injured, appellee was working under the direct command and supervision of his foreman. The plank which fell with him had been placed there by the directions of appellant to be used for the very purpose for which appellee was using it when he was injured. The planks were covered with fine sawdust, and the jury might have found, as their verdict shows they did find, that the fact that the plank did not extend to the joist was hidden from appellee, and made the question of negligence one for the jury. If the plank only extended to the joist, however close, and was not laid upon it, it is evident that it would fall as a person walking on it approached the end which was not supported by the joist. See *Vulcan Construction Co.* v. *Harrison,* 95 Ark. 588; *Southern Cotton Oil Co.* v. *Spotts, supra.*

We think the case was fairly tried and submitted to the jury under proper instructions, covering every phase of the case, and the judgment will be affirmed.