Simmons *v.* Lusk *et al.,* Receivers of St. Louis & San Francisco Railroad Company.

Opinion delivered April 2, 1917.

1. Appeal and error—sufficiency of bill of exceptions.—Where the bill of exceptions recites that plaintiff introduced evidence to establish the allegations of his complaint, and that defendant intro-

duced evidence to disprove the same, and this is followed by the instructions given, it will be *held* to show sufficiently that it contains all the evidence heard.

2. CARRIERS—PASSENGER—REPRESENTATION AS TO MOVEMENT OF TRAIN.—A carrier is bound by the representations of a trainman to a passenger, where the trainman told the plaintiff that her ticket was good on that train, and that it would stop at the station named on her ticket, in the absence of a showing of knowledge of the passenger to the contrary.

3. CARRIERS—PURCHASE OF TICKETS BY PASSENGERS—REASONABLE REQUIREMENTS.—A carrier may require passengers to purchase tickets before boarding trains, provided a reasonable opportunity to do so is afforded the passenger.

4. APPEAL AND ERROR—CONFLICTING INSTRUCTIONS.—The giving of conflicting instructions, *held* prejudicial.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge; reversed.

*Oglesby, Cravens & Oglesby,* for appellant.

1. The testimony established that plaintiff was put upon and entered a train which did not stop at her destination on account of the negligence of the employees and on account of this negligence she suffered the injuries complained.

The instructions given for plaintiff were correct, but rendered worthless by defendant's instruction No. 7. 45 Ark. 256; 47 *Id.* 74; 78 Mo. 610; 52 Ark. 406. It was unsound, abstract and contradictory to the correct instructions given, and confused the jury.

*W. F. Evans* of Missouri and *B. R. Davidson,* for appellees.

1. The bill of exceptions does not set out all the evidence. 42 Ark. 29-35; 74 *Id.* 551-3; 54 *Id.* 162; 44 *Id.* 74; 94 *Id.* 115; 81 *Id.* 327; 91 *Id.* 443.

2. It was plaintiff's duty to ascertain whether the train stopped at her destination before she entered it. 45 Ark. 256; 47 *Id.* 74; 57 Fed. 481; 99 Ark. 248; 40 *Id.* 298; 45 *Id.* 256. There was no duty on behalf of the conductor to stop and no negligence. 45 Ark. 256-263; 47 *Id.* 74; 99 *Id.* 248; 57 Fed. 481. The instructions state the law correctly.

Mrs. Frank Simmons sued the receivers of the St. Louis & San Francisco Railway Company to recover damages for refusing to stop one of its passenger trains, on which she was a passenger, at Mountainburg, Arkansas.

The complaint alleged a state of facts substantially as follows: On the 15th day of October, 1916, plaintiff purchased a ticket at Wichita, Kansas, over defendant's road to Mountainburg, Arkansas. She arrived early in the morning at Monett, Missouri, a station on defendant's line of road, where she changed cars. One of defendant's south-bound passenger trains was waiting there, and under the rules of the railway company it had porters or other employees at the entrance of the train to inspect the tickets of passengers and see if their tickets called for passage on that train. The plaintiff exhibited her ticket to Mountainburg, Arkansas, to the member of the train crew stationed at the entrance of the train. He examined her ticket and permitted her to enter the train without telling her that it did not stop at Mountainburg, although he knew by its schedule that it did not stop there. The fact that the train did not stop at Mountainburg was not known to the plaintiff and she relied upon the fact that she had exhibited her ticket to a member of the train crew whose duty it was to inspect it and he permitted her to take passage on the train. After the train had gone a considerable distance the conductor took up her ticket and informed her that the train would not stop at Mountainburg. He refused to stop the train at Mountainburg and compelled her to leave the train at Winslow with her two small children and hand baggage. She had to go out in the weather with her children and climb up the mountain to reach a place where she could stay until she could get to Mountainburg. She was a stranger in the place and by reason of the excitement and worry caused by being compelled to

leave the train she became seriously ill, and suffered a miscarriage.

The answer of the defendant denied the allegations of the complaint. The plaintiff introduced testimony to establish the several allegations of her complaint. The defendant introduced testimony to disprove each and every allegation of plaintiff's complaint.

The jury returned a verdict for the defendant and from the judgment rendered the plaintiff has appealed.

HART, J., (after stating the facts). (1) Counsel for the defendants seek to uphold the judgment by invoking the rule that where the bill of exceptions does not affirmatively show that it contains all the evidence and there is no language from which it is naturally and necessarily inferred that it contains all the evidence, the rulings of the court upon the evidence and instructions are presumed to be correct. *Bowden* v. *Spellman,* 59 Ark. 251. In that case the bill of exceptions began as follows:

"Be it remembered that, on the trial of this cause, evidence was introduced tending to show the following state of facts." The court held that the statement was not conclusive that there were not other facts shown on the trial which if brought before this court would sustain the rulings and judgment of the lower court. In other words, the court held that the bill of exceptions in that case only showed by implication that there were no other facts shown. Here the bill of exceptions is essentially different. We quote from the bill of exceptions as follows:

"On the trial of the above cause at the June, 1916, term of the above styled court, the following proceedings were had:

"The plaintiff introduced testimony to establish the several allegations of her complaint.

"The defendants introduced testimony to disprove each and every allegation of plaintiff's complaint.

"On the trial of the cause, the court gave the following instructions on behalf of the plaintiff."

This is not as definite and certain as a bill of exceptions ought to be where a reversal is sought for a failure of proof. It is true that the bill of exceptions does not follow the proper practice by expressly stating that it contains all the evidence introduced, but it does appear with reasonable certainty that no other evidence was introduced. It states that the plaintiff introduced testimony to establish the several allegations of the complaint. That the defendant introduced testimony to disprove each and every allegation of the plaintiff's complaint. Then follows the instructions given by the court. From this the natural inference would be drawn that no other testimony was introduced than that referred to, and we think the bill of exceptions was sufficient to present the errors for which a reversal of the judgment is sought. *Overman* v. *State,* 49 Ark. 364; *Hibbard* v. *Kirby,* 38 Ark. 102; *Leggett* v. *Grimmett,* 36 Ark. 496; *Walker* v. *Noll,* 92 Ark. 148.

It is next contended that the court erred in giving instruction No. 7, which is as follows:

"If you find from the evidence that the plaintiff was invited to get on this train at Monett and was required to leave the train at Winslow because it did not stop at Mountainburg, and that this caused the injury complained of, this would not be the proximate cause of the injury, unless a man of ordinary care and prudence would, or should, have anticipated injury to her from allowing her to ride on this train as far as Winslow."

(2-4) We think the court erred in giving this instruction. A railroad company may make a rule to require passengers to purchase tickets before entering the cars, provided reasonable opportunities are offered to comply with it. *St. Louis & San Francisco Ry. Co.* v. *Blythe,* 94 Ark. 153; *St. L. S. W. Ry. Co.* v. *Hammett,* 98 Ark. 418. Here the railroad company had a rule requiring the passengers to exhibit their tickets to the

train porter or brakeman before they were allowed to enter the car. The train man was placed there by the company to enforce its rules and prevent passengers from entering a train upon which they did not have transportation. It was in the line of his duty to give information and to make representations in reference to the rights of passengers holding tickets entitling them to transportation over its line of road. It would be a strange state of affairs if the agent had authority to prevent the passenger from entering a train, who did not have proper transportation, and still not have the authority to give reasonable and proper information concerning trains upon which such tickets might be used and the places where the train would stop and discharge passengers. When the train man told plaintiff her ticket was good on that train and that the train would stop at Mountainburg to allow her to get off, the company was bound by his representations in the absence of knowledge on the part of the passenger that the information given was not correct. *C., R. I. & P. Ry. Co.* v. *Blundell,* 127 Ark. 82; *Hutchinson* v. *Southern Ry. Co.,* 140 N. C. 123, 6 A. & E. Ann. Cas. 22; *Louisville & Nashville Rd. Co.* v. *Scott,* 141 Ky. 538, Ann. Cas. 1912, C-547, and case note. This principle was also recognized in *St. L., I. M. & S. Ry. Co.* v. *Atchison,* 47 Ark. 74, where the court held that where a passenger is misled by an agent authorized to speak for the company, he has his action against the company for the misdirection, and also in *Railway Company* v. *Adcock,* 52 Ark. 406. A reading of instruction No. 7 shows that it is in direct conflict with this rule. It is true at the instance of the plaintiff correct instructions on this phase of the case were given, but the court has uniformly and repeatedly held that it is error to give conflicting instructions. We need only cite a few cases on this rule. *Brunson* v. *Teague,* 123 Ark. 594; *Chicago Mill & Lumber Co.* v. *Johnson,* 104 Ark. 67; *Southern Anthracite Coal Co.* v. *Bowen,* 93 Ark. 140; *McCurry* v. *Hawkins,* 83 Ark. 202.

For the error in giving instruction No. 7 the judgment must be reversed and the cause remanded for a new trial.