McCord *v.* Bailey and Mills.

4-4983

Opinion delivered March 21, 1938.

C. W. *Knott* and R. S. *Wilson,* for appellant.

J. *Bun Perrymore* and D. H. *Howell,* for appellees.

BAKER, J. The appellant was operating a wholesale grocery house in Fort Smith. At the time of the accident, one of his trucks operated in the conduct of his business, was upon highway 22 approaching the business district of Fort Smith, Arkansas, in the nighttime. The appellees were in a small car driving east upon the same highway when a collision between the truck and the small car occurred. This collision resulted in considerable damage to the small car, injuries suffered by each of the appellees, and some damage to the truck and the loss of perhaps about $50 worth of sugar, with which the truck was laden. The plaintiffs in the proceedings were Lee Bailey and Dewey Mills, who alleged that as they approached the place where the accident occurred appellant's truck rounded a turn in the road, a short distance away, and came meeting them, that it was evidently out of control and weaving from side to side on the highway, and that this caused the two vehicles to collide. The appellant, by a cross-complaint, alleged the same fact in regard to the driver of the small car, that is, that it was weaving from side to side back and forth across the highway. Testimony was conflicting in regard to the manner in which the accident occurred. The facts in regard to liability were properly submitted to the jury which determined by its verdict that the plaintiffs, Bailey and Mills, were in due care for their own persons and property and for others upon the highway at the time the accident occurred and that McCord's driver was at fault. This finding of the jury being supported by substantial evidence is conclusive upon this appeal.

This announcement so often repeated has taken the form and standing of a maxim established by its mere statement.

On this particular phase of the case, we think it unnecessary to set forth the disputed evidence, whether for or against a recovery. Each of the plaintiffs recovered a judgment for $1,500. Bailey was not so seriously injured apparently as was Mills, but his automobile was damaged and this perhaps justified the jury in holding that both suffered about the same amount of financial loss by reason of the accident.

It is argued with considerable force and we think with cause that the verdicts were excessive and it is also argued that two instructions given by the court, both of which had to do with the measure of damages, were conflicting and that there was error on account thereof. These propositions were the only ones that have given us any trouble. It appears that the logical order of discussion of these matters necessitates a consideration of the two instructions.

The first of these instructions was No. 13, which reads as follows: "13. If you find for the plaintiffs, then you will fix their damage, if any, at such a sum as you may find from the evidence will fairly compensate them for the injuries received, if any, in determining this you may take into consideration the mental and physical pain and suffering that they or either of them have endured, if any, and that he will endure in the future, if any; the temporary or permanent character of his injuries, if any; his diminished capacity to work and earn a living on account of such injuries, if any; and from all these elements, if proven, you may fix the damages, if any, in favor of the plaintiffs."

The objection made to that instruction at the time it was considered, as stated in appellant's brief, is as follows: "The defendant specifically objects to the giving of that portion of plaintiff's requested instruction No. 13 which directs the jury to take into consideration the plaintiff's diminished capacity to work and earn a living on account of such injury, if any."

Thereafter, the court gave defendant's instruction No. 2, which reads as follows: "You are instructed that under the law and evidence in this case there is no sufficient evidence to warrant a finding that the plaintiffs have received any permanent injury and your verdict will be for the defendant upon that issue."

It must be obvious to anyone that these two instructions are in conflict, that if instruction given and identified as instruction No. 2, asked by defendant, is correct, then certainly the court should not have given instruction No. 13, by which there was submitted to the jury the question of permanency of the injuries and the decreased earning ability of each of the plaintiffs.

The defendant preserved his objections in his motion for a new trial under two different subdivisions, the first to the effect that the court erred in giving plaintiffs' instruction No. 13 and again in another paragraph to the effect that the court erred in overruling defendant's specific objection to plaintiffs' instruction No. 13, because it directs that the jury might take into consideration the plaintiffs' diminished earning capacity to work and make a living on account of such injury, if any. There can be so little use or service in setting forth details from the evidence in regard to the issues of permanent injuries or impaired earning capacity, that we prefer to state our conclusions presented in the light most favorable to the appellees and proceed upon such statements to the presentation of our conclusion.

It is evident that the trial court, when defendant's instruction No. 2 was given had reached a determination that there was no real or substantial evidence to support the theory of permanent injuries. We think this conclusion was justified. Both plaintiffs, after the accident, were taken into a hospital where they were examined and their injuries were so slight, according to all appearances and conditions found upon the examination, that one left the hospital as soon as the examination had been completed and the other left the following morning. There were minor bruises, cuts that left some scars, the result of shock and not much else. Bailey's allegation

concerning injuries from which he suffered, as shown in his complaint, was that he was thrown against parts of his car and his right hand, face and head were cut, lacerated and bruised. He was ruptured and received severe injuries to his back and spine, entire nervous system greatly shocked and injured. Mills alleged he was thrown against part of said car and hands, face and shoulders were lacerated and bruised, little finger on right hand broken and he received severe injury to his back and spine and his entire nervous system greatly shocked and injured.

There was no substantial evidence that Bailey was ruptured. There was no medical evidence offered in his favor in regard to his injuries and the only explanation made of the trouble from which he suffered, as to the alleged rupture, was to the extent that he was afflicted with a social disease and that this was the explanation of the condition that prevailed. He denied the doctor's statement in regard to the disease, and though it may be determined that, on account of the jury's verdict in his favor, his denial should be considered as meeting or explaining away the statement of the physician, yet it must be said that there was no evidence that this condition was the result of injury except the fact that he stated that prior to the time of the accident he was sound and well and thereafter he was suffering from a condition he described. He stated that something hit him in the region of his groin, that there were green spots there that remained for about a month, that there was some swelling and discoloration. If these were only bruises, and we assume, according to his testimony that they were, there is no evidence of permanency or disability continuing on account thereof for any long time. We are not intending to say that soft tissues may not be so bruised or hurt that the results would not be permanent, but we are saying that there is no testimony showing that such a condition prevailed either as to Bailey or as to Mills. Mills had a broken little finger on his right hand. He testified there was some pain in his back, but there is no evidence tending to show the permanency of any

injury, except the slight scars that may have remained from the cuts. This is true as to both plaintiffs. We think it was proper, therefore, for the court to have given defendant's instruction No. 2 to the effect that there was no substantial evidence as to permanent injuries. This case upon the facts does not present a situation tending to prove permanency of the injuries as much so as was established in the case of *St. L. I. M. & S. Ry. Co.* v. *Bird,* 106 Ark. 177, 153 S. W. 104. It was said there in regard to an instruction similar to No. 2 in the instant case, quoting: "The court erred in not granting appellant's prayer for instruction No. 2. The testimony, viewed in the strongest light in favor of appellee, does not make it reasonably certain that Wharton Bird was permanently injured. Unless there is testimony tending to show with reasonable certainty that the injury is permanent the court should not permit the jury to assess any damages for permanent injury. *A. L. Clark Lumber Co.* v. *St. Coner,* 97 Ark. 358, 133 S. W. 1132. See, also, *Arkansas & La. Ry. Co.* v. *Sain,* 90 Ark. 278, 119 S. W. 659, 22 L. R. A., N. S. 910; 13 Cyc. 144, and cases cited."

There was also quoted in the same opinion the following: "Mr. Hutchinson says: 'The jury may take into consideration future as well as past physical pain and suffering, but to justify them in doing so it must be made reasonably certain that such future pain and suffering are inevitable, and if they be only probable or uncertain they can not be taken into the estimate.' 3 Hutchinson on Carrier, § 805, and cases cited; *Chicago, R. I. & P. Ry. Co.* v. *Archer,* 46 Neb. 907, 65 N. W. 1043; *Smith* v. *Milwaukee Builders & Traders Exch.,* 91 Wis. 360, 64 N. W. 1041, 30 L. R. A. 504, 51 Am. St. Rep. 912."

The difference in the instant case from the one cited above is that the court did not err in a failure to give the instruction to the effect that there was no evidence of permanent injuries. The court should and did give that instruction. The error arose out of having given instruction No. 13, which in itself submitted to the jury the question of permanent injuries, and effect thereof. If instruction No. 2 was correct, and we hold that it was

under the circumstances in this case, then instruction No. 13 should not have been given. The two are in hopeless conflict, irreconcilable and, of course, must have resulted in confusion. It is argued that no specific objection was made by appellant calling attention to this alleged error, that by giving the correct instruction, designated as defendant's instruction No. 2, that part of No. 13 in conflict was withdrawn. We do not agree to that contention.

It was held in the case of *Chicago Mill & Lbr. Co.* v. *Johnson,* 104 Ark. 67, 147 S. W. 86, that if an erroneous instruction be given for appellee and a correct instruction be asked by appellant this was tantamount to a specific objection to the conflicting instruction on the same subject given at appellee's instance.

We think the declaration is sound. It does not appear to have been overruled or even modified. We do not hesitate to follow the announced principle.

So then, it must be held the objections to conflicting instructions were made and preserved. There is necessarily a presumption of prejudice. *Simmons* v. *Lusk,* 128 Ark. 336, 194 S. W. 11; *Brunson* v. *Teague,* 123 Ark. 594, 186 S. W. 78.

But it does not necessarily follow that there must be a reversal. The error may be otherwise corrected.

The court properly submitted, as we have before stated, the question of liability and that has been determined favorably to appellees. The testimony submitted by these instructions which we have discussed related wholly to the measure of damages.

Upon that same question there is another alleged error and that is that the appellees were permitted to call Dr. Rose, who testified as to matters that appellant contends now should have been offered upon plaintiffs' examination of witnesses in chief and not by way of rebuttal. The production of this testimony at the particular time, whether by rebuttal or whether it should have been offered by the plaintiffs in making out their case, was one within the sound discretion of the court, and inasmuch as it was not determinative of the question of

liability or did not effect that proposition, we think there was no prejudicial error that may not be cured. It is true the doctor testified that it was possible for certain soft tissues to have been so injured as to make permanent the disability arising therefrom. There is no evidence that such an injury as that was suffered by either one of the plaintiffs. We think it clear that Mills was injured more seriously than was Bailey. Mills did suffer a broken finger. He was bruised and sore so that he was confined or was inactive for several days, the finger perhaps did not get well for several weeks. Bailey's most serious injuries were bruises. In addition, however, to the physical injuries suffered by Bailey, he lost his car or automobile so that his financial losses were perhaps equal, as was determined by the jury, to the financial losses of Mills. The jury found their damages to be the same and we think that parity may be maintained, but no evidence has been offered in this case to sustain the large verdicts rendered by the jury. We have already shown that the conflicting instructions were erroneous, but that this error affected the measure of damages only and the error may be cured by a substantial reduction of the amounts recovered.

It was so held in the case of *St. L. I. M. & S. Ry. Co.* v. *Bird, supra.* It was therein said: "In *St. Louis, I. M. & S. Ry. Co.* v. *Adams,* 74 Ark. 326, 85 S. W. 768, 86 S. W. 287, 109 Am. St. Rep. 85, this court, through Mr. Justice RIDDICK, announced the doctrine in allowing a remittitur as follows: 'What the court undertakes to do is simply to name an amount so low that there can be no reasonable ground to believe that a jury of average judgment, after considering the evidence, would, when properly instructed as to the law, allow plaintiff a less sum than that named, and which amount the court can clearly see is not excessive.' "

We have determined that the verdicts are excessive by at least a thousand dollars in each case, even though we consider the evidence in its most favorable light, for compensation for whatever injuries or losses were sus-

tained by either. The evidence will not support a recovery in excess of $500 for each plaintiff.

Therefore, if the appellees will enter a remittitur so as to permit a recovery by each for only $500, the judgments so reduced will be affirmed, or be entered here for that amount. If such remittitur be not entered within fifteen days judgments will be reversed and remanded on account of the error indicated.

HUMPHREYS and MEHAFFY, JJ., dissent as to modification of judgment.