WHISTLE-VESS BOTTLING CO. *v.* T. A. OWENS

5-5375                                    459 S. W. 2d 562

Opinion delivered November 16, 1970

*Wright, Lindsey & Jennings,* for appellant.

*Acchione & King,* for appellee.

CARLETON HARRIS, Chief Justice. This is an appeal from a judgment rendered against Whistle-Vess Bottling Company, appellant herein, and in favor of T. A. Owens, appellee, who was injured in an accident in Little Rock on December 16, 1965. Owens, a member of the Little Rock Police Department, was operating a police motorcycle on West Third Street on the date in question, and received a call to assist another officer at Second and Summit Streets. Just prior to the accident, both appellee and appellant's soft drink truck were traveling west on Third Street, both vehicles being in the inside lane nearest the yellow center line. The officer testified that he noticed the truck as it pulled away from the signal light at Third and Cross, at that time quite some distance ahead of him. There was also a blue pick-up truck traveling just abreast of the soft drink truck in the outside lane. Owens said that he made several attempts to find an opening to get through the two trucks but none was available. At Third and

Victory, he observed that the east bound traffic had sufficiently cleared for him to attempt to pass, and he accordingly started to the left of appellant's truck. According to the officer, no signal for a turn was made by the truck driver but the vehicle commenced a left turn, and the motorcycle struck the truck, and then went out of control. As a consequence, Owens was injured, and his injuries are not questioned on this appeal. Appellee testified that the red lights on the handle bars of the motorcycle were burning (in a constant, rather than a blinking light), that he had blown his horn several times previously, and also blew it before starting around the truck; admittedly, he did not sound his siren at any time.[1] While the question of substantial evidence to support the jury verdict is not at issue on this appeal, it might be mentioned that one apparently disinterested witness testified that the truck did give a left turn signal and another apparently disinterested witness testified that he did not see any signal for a turn. Only one point is relied upon for reversal of the judgment, viz, "The trial court erred in submitting to the jury instructions with respect to the law applicable to authorized emergency vehicles".

We agree that error was committed. Sub Section (b) of Section 75-725 Ark. Stat. Ann. (Supp. 1969), provides *inter alia*:

"Every authorized emergency vehicle shall be equipped with siren, whistle, or bell, capable of emitting sound audible under normal conditions from a distance of not less than 500 feet and of a type approved by the department, but such warning device shall not be used except when such vehicle is operated in response to an emergency call or in the immediate pursuit of an actual or suspected violator of the law, in which said latter events the driver of such vehicle shall sound said warn-

[1]The testimony reflected that the police department had received a report that an officer was attempting to apprehend a subject in a house and that Owens had been directed to go to the assistance of that officer. In such a case, the officers endeavor to get to the location with as little noise as possible in order to prevent the law violator from knowing that they are there. This was the reason given for not sounding his siren.

ing device when necessary to warn pedestrians and other drivers of the approach thereof."

Subsection (a) of Section 75-625 Ark. Stat. Ann. (Repl. 1957), provides:

"Upon the immediate approach of an authorized emergency vehicle, when the driver is giving audible signal by siren, exhaust whistle, or bell, the driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to the right-hand edge or curb of the highway clear of any intersection and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer."

The court gave an instruction (AMI 912) relative to the duty of a driver of any vehicle to yield the right-of-way to an authorized emergency vehicle, and then gave a modified version of AMI 911 as follows:

"One issue you must decide is whether the police motorcycle was an authorized emergency vehicle at the time and place of the occurrence. If you find that T. A. Owen was responding to an emergency call and was operating *an appropriate audible signal*[2] on the police motorcycle which he was driving, then the police motorcycle was an authorized emergency vehicle, and the driver was entitled to operate the vehicle in accordance with the following traffic law applicable only to emergency vehicles: * * * *"

Appellant objected generally and specifically to the giving of these instructions, the specific objection to AMI 912 being that there was no evidence in the record upon which a jury could find that the motorcycle operated by T. A. Owens at the time of the accident was an emergency authorized vehicle; the same objection was made to the modified version of AMI 911, with the added observation:

---

[2]Our emphasis.

"That under the undisputed facts of the case, the only signal given by T. A. Owen was to blow his horn, which had been ineffective as a warning or signal during the blocks immediately preceding the accident, and that he must have used his siren or a whistle or bell as provided by Ark. Stats. Ann. 75-625".

It is readily apparent that error was committed, for the statute makes clear that the audible signal by the emergency vehicle must be by *siren, exhaust whistle, or bell*. The instruction given by the court only required the jury to find that *an appropriate audible signal* was given by the operator of the police motorcycle, but this is obviously not the requirement of the statute.

Appellee recognizes that the instructions on emergency vehicles should not have been given, but he contends that no prejudicial error resulted since the court also instructed upon comparative negligence, and appellee takes the position that this was the basis of the jury verdict. Since we are likewise of the opinion that the evidence did not justify the giving of the instructions concerning emergency vehicles, we agree that the case would have to be decided upon the basis of comparative negligence but we cannot concur with appellant's argument that any error in the giving of these instructions was harmless. The case of *Gookin* v. *Locke,* 240 Ark. 1005, 405 S. W. 2d 256, is not in point with the instant litigation for more than one reason, but, in disposing of this argument, it is sufficient to point out that no instruction was given in *Gookin* which changed the requirements of the law; to the contrary AMI 911 was given without any change, and there was evidence, though disputed, in that case that Officer Locke was operating his siren when the collision with Gookin occurred. In the case before us, the parties agree that no siren was being sounded, but the modified instruction permitted the jury to make a determination that the blowing of the motorcycle horn was sufficient warning that an emergency vehicle was approaching. Whether the jury actually took this view is immaterial, for we have said that prejudice is presumed from an

erroneous instruction unless it can be clearly shown that it was not prejudicial. *McCord* v. *Bailey,* 195 Ark. 862, 114 S. W. 2d 840. Under the facts of this case, we are unable to say that appellant was not prejudiced by the erroneous instructions.

Reversed.