CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. GIDEON ARCHER.

46   907
47   669
46   907
56   751
46   907
60   177

FILED JANUARY 22, 1896.   No. 5752.

1. **Expert Witnesses**: HYPOTHETICAL QUESTIONS: OBJECTIONS. An objection to a hypothetical question put to an expert witness, that it is "incompetent, immaterial, and irrelevant," is too general to raise the point that the question involves erroneous statements of evidence.

2. ———: ———.   A hypothetical question, after stating a number of hypotheses, concluded, " [suppose] he has been unable to work by reason of such injury for a period of seven months, * * * to what would you attribute his inability to work, and for what period would he be partially or wholly incapacitated for labor, and until what time would it require for a total disappearance of the pains and other results of such injuries and leave no trace thereof? " *Held*, That the first two inquiries relating to facts expressly assumed were not prejudicial, and that

the last was an inquiry as to the probable future duration of the injury, and a proper question to ask an expert.

3. ——: ——: RULINGS ON OBJECTIONS. The court, in overruling an objection to a hypothetical question, remarked: "I think that is a fair epitome of the evidence already given in the case." *Held*, Not error.

4. **Damages:** PERSONAL INJURIES: INSTRUCTIONS. In an action for personal injuries it is error to submit to the jury a consideration of the question, in assessing damages, as to whether the injuries were permanent, in the absence of evidence tending to establish such permanency of injuries with reasonable certainty.

5. ——: ——: ——: HARMLESS ERROR. Even where the damages are unliquidated, where the trial court has, by an instruction, submitted to the consideration of the jury an element of damages not sustained by the evidence, the error will be treated as harmless where, from an examination of the evidence and the verdict, it is reasonably certain that the jury was not misled, and that it allowed nothing on account of the element improperly submitted.

ERROR from the district court of Sarpy county. Tried below before HOPEWELL, J.

The facts are stated by the commissioner.

*W. F. Evans* and *C. S. Montgomery*, for plaintiff in error:

The objection to the hypothetical questions assuming that plaintiff had been unable to work by reason of his injury should have been sustained. The questions assumed a conclusion or ultimate fact, which was for the jury alone to determine. (*Haish v. Payson*, 107 Ill., 370; *Bishop v. Spining*, 38 Ind., 144; *Muldowney v. Illinois C. R. Co.*, 39 Ia., 616.)

The hypothetical questions assume that the wagon in falling upon the plaintiff struck him "in the small of the back" at the "base of the spinal column." This assumption is without support in the evidence. Hypothetical questions must present facts which the evidence tends to prove. If the facts embraced in them are not proved or

attempted to be proved, objections to such questions should be sustained. (1 Thompson, Trials, sec. 606; *State v. Anderson*, 10 Ore., 448; *Williams v. Brown*, 28 O. St., 547; *Hurst v. Chicago, R. I. & P. R. Co.*, 49 Ia., 76; *Bomgardner v. Andrews*, 55 Ia., 638; *Haish v. Payson*, 107 Ill., 365; *Guetig v. State*, 66 Ind., 95; *Hathaway v. Nat. Life Ins. Co.*, 48 Vt., 336.)

Hypothetical questions must not embrace matters within the range of ordinary human experience, because as to such matters the opinions of the jurors are better in the eye of the law than those of the experts. (1 Wharton, Evidence, secs. 434, 436; 1 Thompson, Trials, sec. 605; *New England Glass Co. v. Lovell*, 7 Cush. [Mass.], 319; *State v. Anderson*, 10 Ore., 448; *Hill v. Portland & R. R. Co.*, 55 Me., 439; *State v. Watson*, 65 Me., 74; *Linn v. Sigsbee*, 67 Ill., 76.)

The instruction relating to the elements of damage was erroneous. (2 Shearman & Redfield, Negligence, sec. 743; *Curtis v. Rochester & S. R. Co.*, 20 Barb. [N. Y.], 292; *Strohm v. New York, L. E. & W. R. Co.*, 96 N. Y., 306; *Tozer v. New York, C. & H. R. R. Co.*, 105 N. Y., 617; *Feeny v. Long I. R. Co.*, 116 N. Y., 381; *Clark v. Nevada Land & Mining Co.*, 6 Nev., 205; *Spicer v. Chicago & N. W. R. Co.*, 29 Wis., 580; *Ohio & M. R. Co. v. Cosby*, 27 Am. & Eng. R. Cases [Ind.], 339; *Cleveland, C., C. & I. R. Co. v. Newell*, 104 Ind., 264; *White v. Milwaukee C. R. Co.*, 21 N. W. Rep. [Wis.], 524; *Missouri P. R. Co. v. Mitchell*, 41 Am. & Eng. R. Cases [Tex.], 226; *Fry v. Dubuque & S. W. R. Co.*, 45 Ia., 416; *Walrath v. State*, 8 Neb., 80; *Union P. R. Co. Ogilvy*, 18 Neb., 643; *Chicago, B. & Q. R. Co. v. Sykes*, 96 Ill., 163; *McGowan v. St. Louis Ore & Steel Co.*, 16 S. W. Rep. [Mo.], 236.)

*Matthew Gering, contra:*

The objections to the hypothetical questions were insufficient to raise the questions argued by plaintiff in error.

(*Powers v. Mitchell,* 77 Me., 361; *Louisville, N. A. & C. R. Co. v. Falvey,* 104 Ind., 409; *McCooey v. Forty-Second Street & Grand Street Ferry R. Co.,* 29 N. Y. Sup., 369.)

The objections to the hypothetical questions were properly overruled. (*Gottlieb v. Hartman,* 3 Colo., 53; *Williams v. State,* 64 Md., 384; *Kerr v. Lunsford,* 31 W. Va., 660; *Cowley v. People,* 83 N. Y., 464; *Dilleber v. Home Life Ins. Co.,* 87 N. Y., 79; *Turnbull v. Richardson,* 69 Mich., 400; *Quinn v. Higgins,* 63 Wis., 664; *Filer v. New York C. R. Co.,* 49 N. Y., 46; *Omaha & R. V. R. Co. v. Brady,* 39 Neb., 44; *Stearns v. Field,* 90 N. Y., 641; *Lincoln Vitrified Paving & Pressed Brick Co. v. Buckner,* 39 Neb., 86; *Peterson v. Chicago, M. & St. P. R. Co.,* 38 Minn., 511; *McDonald v. Illinois C. R. Co.,* 55 N. W. Rep. [Ia.], 102; *Van Hoesen v. Cameron,* 54 Mich., 609; *Eiseley v. Malchow,* 9 Neb., 174.)

In support of an argument in favor of the instruction complained of, reference was made to the following cases: *Illinois C. R. Co. v. Read,* 37 Ill., 484; *Morris v. Chicago, B. & Q. R. Co.,* 45 Ia., 29; *Baker v. Kansas City, C. & S. R. Co.,* 52 Mo. App., 602; *Fremont, E. & M. V. R. Co. v. Leslie,* 41 Neb., 164; *Spicer v. Chicago & N. W. R. Co.,* 29 Wis., 583; *Kerr v. Forgue,* 54 Ill., 482.

IRVINE, C.

Archer recovered a judgment of $1,500 against the railway company in the district court of Sarpy county for personal injuries alleged to have been sustained by Archer in consequence of falling into a cut made by the railway company along the public highway, and left without guards to protect passengers on the highway from falling therein. Three assignments of error relate to the overruling of objections to a hypothetical question asked on behalf of Archer on the examination of as many expert witnesses. The question asked each witness was as follows: "Suppose a young man, aged about twenty-six years, in good, sound

physical health, is thrown or falls down an embankment a distance of between sixteen and eighteen feet while driving along the public highway in a lumber wagon, the young man falling on his face, the wagon falling on him, striking him in the small of the back at the base of the spinal column, one of the horses which he was driving was killed and another injured; that by reason of such fall, which resulted in the breaking of the bone of the leg and dislocating the ankle joint,—supposing this to have occurred in November, 1890,—necessitating the young man's confinement to a bed for a period of about eight weeks, and during which period he was incapable of moving in his bed because of severe pains in his back and injury to his leg; and that he constantly complained of severe pains and injuries to his spine and back, and thereafter, for a period of nearly three months, was unable to walk without the aid of crutches; that from the time of the injury up to the present time he had constantly complained of pains in his back, and has been unable to work by reason of such injury for a period of seven months, except at light labor for about forty days,—these conditions all existing, to what would you attribute his inability to work, and for what period would he be partially or wholly incapacitated for labor, and until what time would it require for a total disappearance of the pains and other results of such injuries, and leave no trace thereof?"

It is argued that these objections should have been sustained, because, in the first place, the injection of the phrase "by reason of such injury" introduced into the question not a hypothesis of fact, but an inference for the jury to draw, and one improper to submit to an expert as a basis for a further opinion; and second, that in certain respects there was no evidence tending to establish hypotheses of fact involved in the question. When the question was propounded to one of the witnesses the objection was made that it was "incompetent, irrelevant, and immaterial."

When put to the other witnesses the objection was: "Objected to by defendant, as incompetent and immaterial, and for the reason that no foundation has been laid for the question, and the question is not single, but multiform in character and not properly framed." The defendant in error contends that these objections are insufficient to present for review the questions now argued; and after careful consideration we are convinced that his contention is correct. In this state the strict rule prevailing in many jurisdictions requiring that all objections shall be specific has not prevailed. An objection that a question is "incompetent, irrelevant, and immaterial" has been here held sufficient generally to apprise the court of any ground of complaint falling within the meaning of those terms (*First Nat. Bank of Madison v. Carson*, 30 Neb., 104); but, on the other hand, this court has held that where a deed is offered in evidence, such an objection is too general to reach defects in the form, execution, or acknowledgment of such deed (*Gregory v. Langdon*, 11 Neb., 166), or the fact that the deed has no witness (*Rupert v. Penner*, 35 Neb., 587). In such cases the objection must be specific, and call the attention of the trial court to the precise defect complained of. The same reasons which controlled the court in the two cases last cited are peculiarly applicable to a hypothetical question asked an expert witness. The general objection directs attention only to the general scope and character of the question. There is much reason in the language of Mr. Justice Daniel (*Camden v. Doremus*, 3 How. [U. S.], 515): "Upon the offer of testimony, oral or written, extended and complicated as it may often prove, it could not be expected, upon the mere suggestion of an exception which did not obviously cover the competency of the evidence, nor point to some definite or specific defect in its character, that the court should explore the entire mass for the ascertainment of defects, which the objector himself either would not or could not point to their view. It would

be more extraordinary still if, under the mask of such an objection, or mere hint at objection, a party should be permitted in an appellate court to spring upon his adversary defects which it did not appear he ever relied on, and which, if they had been openly and specifically alleged, might have been easily cured." The precise question has been passed upon by the circuit court of appeals for this circuit, Judge Thayer saying: "We would not be understood as deciding that an objection on the ground of 'incompetency, irrelevancy, and immateriality' is always too general, but we think that, when counsel intend to rely on the ground that a hypothetical question propounded to an expert witness is based upon an erroneous statement of the evidence, that fact, at least, should be called to the attention of the trial court." (*Missouri P. R. Co. v. Hall*, 66 Fed. Rep., 868. See, also, *Powers v. Mitchell*, 77 Me., 361; *Currier v. Henderson*, 85 Hun [N. Y.], 300.) The objections here argued relate to only a small portion of the question propounded. If the objection had specifically called attention to this portion at the time of the trial, and the objection were well taken, the question might have been readily reframed in order to meet it. We do not think that the objections that no foundation had been laid for the question, and that the question was not properly framed, are sufficient to suggest the defects complained of, and the objection that the question was not single certainly does not go to the point.

A further objection is made that the question relates to a matter within the range of ordinary human experience, and not to one within the range of expert testimony. This objection probably goes to the competency of the whole question, but we do not think it is well taken. The question asks three things: First, to what would you attribute his inability to work? Second, for what period would he be partially or wholly incapacitated for labor? And third, what time would it require for a total disappearance of the

pains and other results of such injuries?  The first two
elements are merely a repetition of assumptions already
made in the question, and for that reason are certainly not
prejudicial.  The third was an inquiry as to the ultimate
period of suffering from injuries which had so far produced
the effect stated in the body of the question.  This was
certainly a subject peculiarly within the domain of expert
testimony.

The court, in overruling the objection to the question
when first propounded, remarked: "I think that is a fair
epitome of the evidence already given in the case."  An
exception was taken to this remark.  Counsel construe this
remark as indicating to the jury that the trial judge deemed
the facts assumed in the question established by the evi-
dence.  We do not think so.  It was but an indication that
the court considered that the question epitomized the evi-
dence up to that time introduced, but without any opinion
as to the weight of such evidence.  If the objection had
been properly made that the question in particulars stated
was not supported by any evidence yet introduced, the court
by the act of overruling the objection would have in effect
made the same statement.  It is not every remark made
orally by the trial judge during the progress of a case
which falls within the inhibition against oral instructions.
It has been held that the trial judge may state at length his
reasons for ruling on a question of law and it is not error
to do so in the presence of the jury.  (*Hall v. Aitkin,* 25
Neb., 360.)  Such a remark as was here made is not preju-
dicial if it be not of such a character as to influence the
minds of the jurors in determining facts presented to
them.  At the close of the plaintiff's evidence the defend-
ant moved for the direction of a verdict, and this motion
was overruled.  Counsel for plaintiff now aptly suggests
that if the remark referred to was erroneous, the very act
of overruling this motion must have been erroneous for
the same reason, because it implied that the court consid-

ered the evidence sufficient to warrant a verdict for the plaintiff.

Among the instructions given was the following: "If you find for the plaintiff, then, in estimating his damages, you are instructed that he is entitled to recover any pecuniary loss he has sustained on account of being unable to work, either wholly or in part. If he has suffered permanent injury that will prevent him from pursuing his ordinary business or labor in future to the same extent that he did prior to the injury, that should be taken into account. He is also entitled to recover on account of bodily pain and suffering, and for expenses of his treatment, including physicians' charges. You should take all these elements into consideration and allow him such sum as will be fair and just compensation for the injuries sustained; but you cannot allow him exemplary damages; that is, damages by way of punishment of the defendant." We agree with counsel for the railway company that to recover prospective damages it must be made to appear from the evidence with reasonable certainty that future evils will result; and we also agree with them in their contention that the record discloses no evidence of a permanent disability affecting plaintiff's ability to pursue his ordinary business in the future. It follows that the instruction just quoted, in so far as it submitted to the jury a consideration of a permanent disability affecting plaintiff's future business, was technically erroneous. The most difficult question in the case is whether the error was prejudicial. The verdict was for $1,500. Prior to the injury the plaintiff was a man of sound health, able to perform manual labor at remunerative wages. For four weeks at least he was confined to his bed. For several months thereafter he could only move with the aid of crutches. Down to the time of trial he experienced pain, and while for some time prior to the trial he had been working, he had been compelled to resort to a different class of work and procure assistance to re-

lieve him of the severer tasks. At the time of the trial these conditions continued, and there was evidence tending to show that they might continue for two years. In *Omaha & R. V. R. Co. v. Brady*, 39 Neb., 27, the jury found a verdict of $7,000. This court held that there was no sufficient evidence of a permanent disability resulting from the injuries complained of; but permitted a judgment of $2,000 to stand on plaintiff's remitting the remainder. The propriety in such cases, even where damages are unliquidated, of permitting the defendant in error to elect between a remittitur and a judgment of reversal, has not, so far as we know, ever been questioned in this state. If this verdict were for so large a sum that it was evident or even probable that a portion of the damages had been allowed on account of supposed permanent injuries, there would, therefore, be no doubt that the judgment should be of this character, the court estimating as the amount of the remittitur as great a sum as it was probable that the jury might have allowed on account of the element improperly submitted. But here we cannot pursue this course. In the Brady case a judgment $500 greater than that here allowed was permitted to stand for temporary injuries, apparently no more serious than those disclosed in this case, and we would not feel warranted in requiring as a condition of affirmance a remittitur beyond a nominal sum. On the other hand, had the verdict been for $5 or $100, or even any sum not beyond what might be equal to what may be called the liquidated elements of damages proved, to-wit, expenses occasioned by the injury and actual loss of earnings already sustained, we would unhesitatingly affirm the judgment unconditionally as beyond all question not including anything for permanent disability. We think the true rule is that where the damages are unliquidated and the jury has been by the instructions permitted to consider an element not sustained by the evidence, the error should be treated as harmless where, from an inspection of

the evidence and the verdict, it is reasonably certain that the jury was not misled, and that it allowed nothing on account of the elements improperly submitted to it. We think this case discloses a state of affairs within the rule.

JUDGMENT AFFIRMED.