WILLIAM M. ELLIOTT V. CARTER WHITE-LEAD COMPANY.

FILED JANUARY 19, 1898. No. 7673.

1. **Pleading and Proof: VARIANCE.** There can be no recovery if there is a material variance between the allegations and the proof. The *allegata* and *probata* must agree.

2. **Trial: DIRECTING VERDICT.** Where the evidence is uncontradicted, and all reasonable men must draw the same conclusion therefrom, it is not error for the court to direct a verdict in favor of the party entitled thereto under the pleadings and proofs.

3. **Review: ORAL INSTRUCTIONS.** Error in giving an oral instruction is not available in this court where no exception was specially taken on that ground in the trial court at the time the instruction was given.

ERROR from the district court of Douglas county. Tried below before BLAIR, J. *Affirmed.*

*Weaver & Giller,* for plaintiff in error.

*I. R. Andrews, contra.*

NORVAL, J.

William M. Elliott sued the Carter White-Lead Company to recover for personal injuries. At the close of the plaintiff's testimony the jury, in obedience to an oral instruction of the trial court, returned a verdict for the defendant. A motion for a new trial was overruled, and judgment was entered against the plaintiff in accordance with the verdict. Subsequently, on motion of the defendant, an order was entered requiring that security for costs be given by the plaintiff, who prosecutes this error proceeding.

The defendant is the owner and operator of a factory in the city of Omaha for the manufacture of white lead, and plaintiff was in its employ. An inclined wooden elevator was used by the defendant to hoist pigs of lead from railway cars up and into a vat on the inside of the company's building. This elevator consisted of two pine planks about fourteen feet long, nine inches wide, two inches thick on the upper edge and three inches on the lower, fastened or bolted parallel to each other, and about two feet apart, so as to permit the passage between them of an endless chain with an apron attachment. This elevator stood at an angle of about 45 degrees, with one end resting on the foundation of the building and the other passing through the floor above into the room containing the vat. A pig of lead weighing about 100 pounds being placed on the lower part of the elevator was pushed or slid up and along the upper edges of said planks by the apron attached to the endless chain to the top of the elevator, where it fell into the vat, the apron continuing on around; and on reaching

the bottom at each revolution another pig of lead was placed on the apron, which in like manner was elevated to the vat in the room above. The continual sliding of the pigs of lead had worn several scallops on the surface of the upper edges of the two planks to the depth of about one-fourth of an inch. A few hours prior to the injury hereafter mentioned the elevator was repaired by nailing on the upper edge of each plank, for the entire length, a strip of iron two inches wide and about one-eighth of an inch in thickness. These strips of iron were fastened with eight-penny nails driven about nine inches apart and near the center of the scallops. Shortly after said repairs were completed plaintiff assisted in unloading a car of lead. His portion of the work was to carry the pigs of lead from the car and place them on the elevator, one at a time, in proper position to be pushed up by the apron. After he had been thus at work between three and four hours, a pig of lead, which he had placed on the elevator, was carried in the usual way by the apron until it was within a short distance of the top, when one end thereof, it is claimed, caught upon a protruding nail which threw the pig of lead down the elevator and upon the foot of plaintiff, causing the injury which is made the basis of this action.

It is urged that the elevator was defective and out of repair, and that the defendant was negligent in not instructing the plaintiff in the use of the same and in not apprising him of the danger and hazard of the work he was called upon to perform. By the undisputed testimony it was established that the elevator had just been repaired and placed in a safe condition for use, and that the pig of lead which caused the injury was the first one to fall after the making of the said repairs. Moreover, the specific act of negligence charged in the petition is that the nails used for fastening the iron bands to the planks were so small that they worked loose, and protruded and extended above the upper surface of said bands, enabling the nails to catch the lead

and causing it to fall upon plaintiff's foot. This aver-
ment is not sustained by a scintilla of evidence. On the
contrary, it is claimed in the brief of plaintiff that the
accident was occasioned by the weight of the pig of lead
depressing the iron strip down into one of the scallops
already mentioned, causing the nail to protrude and
catch one end of the pig of lead, whereby it was thrown
down the elevator. The petition does not charge that
the injury resulted in any such manner. If it occurred in
the mode suggested, it is remarkable that some one of
the several hundred pigs of lead which plaintiff had
placed on the elevator prior to the accident, during the
same evening, was not also caught on the protruding
nail and thrown down, since the pigs of lead were shown
to be nearly all of the same size and weight. As to the
failure of defendant to instruct plaintiff in the method
of operating the elevator and of the danger and hazard
of the employment, it is sufficient to say that no negli-
gence in that regard is imputed to the defendant in the
petition. A recovery cannot be had for acts of negli-
gence not alleged in the petition. The rule is the *allegata*
and *probata* must agree. (*Worth v. Buch*, 34 Neb. 703;
*Imhoff v. House*, 36 Neb. 28; *Luce v. Foster*, 42 Neb. 818.)

Doubtless, where different minds may honestly draw
from the evidence different conclusions as to whether
negligence or the absence thereof is established, the
question as to the conclusion to be reached is a proper
one for the jury, and not for the trial court. It is like-
wise firmly settled in this state that where the evidence
is uncontradicted and all reasonable men must draw the
same inference therefrom, the question of negligence is
one of law for the court, and in such case it is not error
for it to direct a verdict in favor of the party entitled
thereto under the proofs adduced. (*Chicago, B. & Q. R.
Co. v. Landauer*, 36 Neb. 642; *Woolsey v. Chicago, B. & Q.
R. Co.*, 39 Neb. 798; *Dehning v. Detroit Bridge & Iron
Works*, 46 Neb. 556; *Slayton v. Fremont, E. & M. V. R. Co.*,
40 Neb. 840.) It was unfortunate that the plaintiff re-

ceived the injury, but it was one of the risks incident to his employment, and which he assumed. An examination of the evidence set forth in the bill of exceptions reveals that no other verdict in the case could have been properly returned; hence it was proper practice for the trial court to direct a finding for the defendant.

It was urged that it was error for the trial judge to instruct the jury orally. There are two ready answers to this contention. The error was without prejudice, inasmuch as under the pleadings and evidence the defendant was entitled to have a verdict directed. (*Zittle v. Schlesinger*, 46 Neb. 844.) In the next place the action of the court cannot be reviewed, as no objection was specifically taken to the instruction at the time it was given on the ground that it was not in writing. (*Worback v. Miller*, 4 Neb. 31; *City of Chadron v. Glover*, 43 Neb. 732; *Jolly v. State*, 43 Neb. 857; *Omaha & Florence Land Co. v. Hansen*, 32 Neb. 449.)

After judgment, the court below sustained a motion made before trial requiring the plaintiff to give security for costs on the ground that he was a non-resident. Why the court did not pass upon the motion at an earlier period is not disclosed. It may be possible that the ruling was obtained before judgment, and that the date of the decision was erroneously stated in the transcript. For present purposes, however, the transcript must be treated as correct. Conceding the position contended for by plaintiff to be sound, that the defendant waived its right to have security given by the delay in having the motion called to the attention of the court, nevertheless the sustaining of the motion will not authorize a reversal, because plaintiff was not in the least prejudiced by the ruling. Judgment for costs had already been entered against him and the action dismissed. The court did not attach any penalty to the failure of plaintiff to comply with the order relating to security for costs, nor has such security been given. The judgment is

AFFIRMED.