MARTIN LUND, APPELLEE, V. HARVEY HOLBROOK, SR., ET AL.,
APPELLANTS.

46 N. W. 2d 130

Filed February 2, 1951.    No. 32861.

*Frederick M. Deutsch* and *Daniel D. Jewell,* for appellants.

*Pilcher & Haney,* and *Elmer C. Rakow,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action to recover damages arising out of a collision between a truck of the plaintiff and a car owned by the defendant Harvey Holbrook, Sr., which was being driven by defendant Harvey Holbrook, Jr. Issues were made on petition and answers and cross-petitions. Trial was had to a jury resulting in a verdict for plaintiff for $1,500. Defendants appeal, alleging error in instructions, the admission of evidence, and rulings made at the trial. We reverse the judgment of the trial court and remand the cause.

Plaintiff's truck was being driven by his brother. They will be referred to herein as plaintiff. The defendants will be referred to as father and son where it is necessary to identify them separately.

The accident happened on July 5, 1947, about 2 p. m., at a point between one and two miles east of Orchard on Highway No. 20, which runs east and west. The highway at the place of the collision had been improved with "black-top" about 20 feet wide. North of the black-top it sloped down for 15 to 20 feet to a level three or four feet below the black-top. The highway was being

resurfaced for several miles. There were road-under-construction and detour signs and barricades west of Orchard and east of the point of collision about five miles. The public continued to use the highway for travel. At the time of the accident gravel was being hauled from a point seven or eight miles east of Orchard and spread on the south half of the black-top to a depth fixed by the witnesses at ten inches to a foot or two. That work had progressed for some distance west of the point of collision, so that there the north half of the black-top and the slope were used for travel. There were eight gravel trucks in use. These trucks, when loaded, followed the practice of going west on the black-top and, when returning empty, the east-bound trucks, on meeting a west-bound truck, would pull off the black-top to the north and pass in that manner.

Plaintiff's testimony is that he was going west in a loaded truck on the black-top at about 35 miles an hour when, at a distance of 100 feet, he saw the car driven by the son on the black-top coming east. It was then traveling 35 miles an hour. It slowed down to ten miles an hour. Plaintiff eased on his brakes and signaled to the car to go to the south. Plaintiff turned off the black-top to the north, and the son then turned his car to the north. The vehicles collided head-on and came to rest about ten feet north of the black-top.

The son's version of the accident is that he had been at Orchard and was driving east in the Ford car on the black-top north of the gravel. His speed was 30 to 35 miles an hour. He saw the plaintiff's truck about half a mile to the east coming west on the black-top at a speed of 50 miles an hour. It might have slowed down somewhat as it approached. The son began to slow down so that when the vehicles were 100 to 250 feet apart he was going at a speed of 10 to 15 miles an hour. The plaintiff's truck changed its course slightly to the south indicating to him that the truck was going to stay on the black-top. The son then, at a speed of ten miles an

hour, turned to the north. The truck then turned to the north and the collision followed, the son's car being pushed to the northwest 45 to 50 feet before the two vehicles came to a stop.

Both vehicles were seriously damaged. The son received personal injuries.

Defendants' first assignment of error is that the court erred in failing to instruct the jury on the measure of damages. The court instructed the jury that "Before Plaintiff can recover in this case he must prove by a preponderance of the evidence that defendant Holbrook, Jr., was negligent in one or more of the respects alleged in his petition; that said negligence was the proximate cause of the collision and the resulting damage to Plaintiff; and he is further required to prove by a preponderance of the evidence the extent of damages sustained by him, not exceeding the value of the truck and towing charge." (Instruction No. 5.)

Defendants' ninth assignment is that the court erred in stating the amount of damages should be assessed "not exceeding the value of the truck and towing charge."

It is patent that the instruction gave the jury no guide as to the elements that it was to consider in arriving at the amount of plaintiff's damage, if the jury found for the plaintiff, save the limit of "not exceeding the value of the truck and towing charge."

Plaintiff's evidence was that the truck was so damaged it could not be repaired and put in as good condition as it was before the accident; that immediately before the accident the truck was worth $3,200, and immediately thereafter $625; and that he paid $110 which was the reasonable charge for having it towed to Omaha where he sold it. Plaintiff was permitted to prove that it was not until August 16, 1947, that it was determined the truck could not be repaired, and that the rental value was $22 a day.

The rule is: "In an action for damages to an automobile, where the automobile cannot be placed in sub-

stantially as good condition as it was before the injury, the measure of damages is the difference between its reasonable market value immediately before and immediately after the accident." Helin v. Egger, 121 Neb. 727, 238 N. W. 364.

It is obvious that the instruction is not in accord with that rule. The evidence does not show any relationship between the towing charge and the value after the accident. Plaintiff does not argue that the towing charge was a proper item within the rule. Plaintiff here argues that the errors are harmless inasmuch as the verdict was substantially less than the plaintiff's proof of the before and after value. He relies on the rule stated in Chicago, R. I. & P. Ry. Co. v. Archer, 46 Neb. 907, 65 N. W. 1043, that "Even where the damages are unliquidated, where the trial court has, by an instruction, submitted to the consideration of the jury an element of damages not sustained by the evidence, the error will be treated as harmless where, from an examination of the evidence and the verdict, it is reasonably certain that the jury was not misled, and that it allowed nothing on account of the element improperly submitted."

We need not discuss that rule save to point out that it has no application here. Defendants offered evidence, based on a hypothetical question, that the reasonable value of the truck immediately before the accident was $1,200 to $1,500. The jury's verdict was for $1,500. It may be that the jury determined to allow the plaintiff that which the defendants said was its value. If so, there was no deduction whatever for its admitted value after the accident. The error of the instruction was prejudicial and requires a reversal of the judgment and remanding of the cause. That being true, we deem it advisable to point out another patent error in the instruction.

In his petition as it was at the time of the trial plaintiff alleged: "That the automobile of the defendant Harvey Holbrook, Sr., was brought to a stop as plaintiff's

truck approached; when plaintiff's truck was approximately 20 feet from defendant's automobile, and as plaintiff's truck was attempting to pass said automobile by turning to his right and on to the shoulder of said highway, the driver of defendant's automobile suddenly, negligently, recklessly, unexpectedly, and without any notice or warning to the driver of plaintiff's truck, started defendant's automobile in motion and turned to the left in front of plaintiff's truck and thereby completely wrecked and damaged plaintiff's truck; *that immediately prior to said accident the plaintiff's truck was in good condition and repair; that the same could not be repaired and put in substantially the same condition it was in prior to said accident; that the reasonable value thereof was $3,200.00. That immediately after said accident and in it's (sic) damaged condition, the reasonable value of plaintiff's truck was $625.00; that plaintiff has suffered damages to his truck* in the amount of $2575.00; plaintiff was deprived of the use of said truck for a period of ninety days and was thereby further damaged in the sum of $1800.00; plaintiff was further damaged by reason of the expense of the transportation of said truck to Omaha, Nebraska, in the sum of $110.00; that the total damages suffered by the plaintiff amounted to the sum of $4485.00, no part of which has been paid by the defendants."

The transcript shows the petition to have been filed June 14, 1948, and that on November 13, 1948, the petition was amended by interlineation and the italicized portion of the above quote was inserted.

In his answer to defendants' cross-petitions, plaintiff alleged that the accident was due to the negligence of the son "* * * which negligence is more specifically set forth in plaintiff's petition * * *."

In its instruction No. 2 the court summarized the petition, including the above-quoted provision, omitting, however, the words "negligently, recklessly," and gave

no statement to the jury as to the act or acts of negligence upon which plaintiff relied.

Relating instruction No. 5 to instruction No. 2, the instructions gave the jury no information as to the act or acts of negligence alleged in his petition which had to be proved by the plaintiff as a condition of recovery. The jury was left without any guide in that respect.

Further it is noted that there was but one act of negligence alleged in the petition, and that was that defendant's car was brought to a stop and then as plaintiff was attempting to pass, the defendant's car was started in motion and turned to the left in front of plaintiff's truck. We find no evidence in this record to sustain that sole allegation of negligence.

"A recovery cannot be had for acts of negligence not alleged in the petition. The rule is the allegata and probata must agree." Elliott v. Carter White-Lead Co., 53 Neb. 458, 73 N. W. 948. The instruction permitted the jury to find for the plaintiff when there was no evidence to sustain the allegation of the petition.

Defendants' second, sixth, and seventh assignments of error may be considered together.

As above set out, plaintiff alleged that he was deprived of the use of said truck for a period of ninety days and was thereby damaged in the amount of $1,800. The trial court in its instruction setting out the claims of the parties included that allegation. This inclusion is the basis of the second assignment. The trial court over objection allowed the plaintiff to testify that the rental value of a truck, to replace the one damaged, from the date of the accident to the date he first determined it could not be repaired was $22 a day. The admission of this evidence is the basis of the sixth assignment. Plaintiff further was allowed to testify, without additional objection, as to the basis upon which the rental value was determined and the amount of use that would have been had of the truck between July 5 and August 15. The

admission of this evidence is the basis of the seventh assignment.

Defendants assign this part of the instruction and the admission of the evidence as error.

Plaintiff contends that it was necessary to have the truck towed to Omaha to be there examined by men qualified to determine whether or not it could be repaired and placed in substantially as good condition as it was before the accident, and that he is entitled to damages for loss of use while that was being determined, in addition to the difference in value under the above-stated rule. Plaintiff cites Drewes v. Miller (La.), 25 So. 2d 820.

In Helin v. Egger, *supra*, the damaged car could not be placed in as good condition as it was before the accident but could be put in condition to render some service. The jury was permitted to allow damages for loss of use while it was being repaired. That was held to be error. In accord with that opinion we hold that in an action for damages to an automobile, where the automobile cannot be placed in substantially as good condition as it was before the injury, the measure of damages is the difference between its reasonable market value immediately before and immediately after the accident. The injured party is not permitted to recover in addition thereto damages for loss of use.

Plaintiff here pleaded and offered evidence based on a recovery of the difference in value before and after the accident.

The inclusion of the allegation in the instruction and the admission of the evidence were error. In the light of the indefiniteness of the instruction on measure of damages, the error was prejudicial.

Defendants' next assignment of error is that the court failed to instruct under the comparative negligence rule.

Plaintiff answers that this was not error for the reason that contributory negligence was not pleaded and was not in issue.

Each of the defendants filed separate pleadings entitled "Answer and Cross-Petition." Each denied generally and "Further answering said petition and for his cross-petition thereto, this defendant alleges: * * *." This is followed by an allegation "That the collision and damage aforesaid were caused solely and proximately by the negligence of the said plaintiff and the said Arnold Lund (the driver), as follows: * * *." Then follow six itemized charges of negligence. In his answer to the cross-petition plaintiff denied negligence. The trial court recited these allegations in its instruction as to the claims of the parties.

The rules are:

"It is the duty of the court to instruct on the issues tendered by a defendant in an answer or cross-petition if they are supported by evidence and a failure so to do is prejudicial error.

"When negligence as a proximate cause is charged against a plaintiff by a defendant in an answer it is sufficient as a charge of contributory negligence." Hamilton v. Omaha & Council Bluffs St. Ry. Co., 152 Neb. 328, 41 N. W. 2d 139.

In view of the determination stated hereinbefore that the judgment must be reversed, we need do no more here than to hold that negligence and contributory negligence were issues in this case.

Defendants' fourth assignment is that the court erred in failing to direct a verdict for the father on his motion made at the close of plaintiff's case-in-chief, and on his motion made at the close of all the evidence, and for failure to grant his motion for judgment notwithstanding the verdict because of claimed insufficiency of the evidence to hold the father liable under the family purpose doctrine.

Plaintiff alleged that the car driven by the son was owned by the father and that the father "* * * owned and maintained said automobile for the use and pleasure of, and operation by himself and the members of his fam-

ily, including the defendant Harvey Holbrook, Jr., and that said automobile was being used and operated by the defendant Harvey Holbrook, Jr., at said time by the permission of the defendant Harvey Holbrook, Sr. * * *." The son in his answer and cross-petition alleged that "he had borrowed" the car for the purpose of making a trip. The father in his answer alleged that "he lent" the automobile to the son. In his answer to defendants' cross-petitions, plaintiff alleged that the son "was acting as an agent, servant and employee" of the father at the time and place of the accident.

It is apparent that plaintiff undertook to allege liability on the part of the father under the family purpose doctrine.

Before the close of plaintiff's case-in-chief it was stipulated that the son, if called as a witness, would testify that he was the driver of the car on the day in question, and that if the father were called, he would testify that he was the owner of the car but was not in the car at the time of the accident.

When plaintiff rested, the father moved for a directed verdict against the plaintiff for the reason that the evidence was wholly insufficient to show any liability against the father. The motion was overruled.

On cross-examination of the son, he testified that he was 22 years of age at the time of the accident; that he lived at home with his father; that he was working for his father at the time of the accident; and that he had driven the car whenever he wanted to ever since his father purchased it. The father purchased the car in August or September 1946.

At the close of all the evidence the father moved for a directed verdict for the same reason as above stated. That motion was overruled.

Following the verdict the father moved for judgment notwithstanding the verdict and, in the alternative, for a new trial in accordance with section 25-1315.02, R. R. S. 1943. The trial court denied the motion for a new

trial. We find no ruling in the record upon the motion for judgment notwithstanding the verdict. The parties have not pointed out the fact of that omission.

It is patent that before the trial court came to the question of the merits of the motion for a new trial, the motion for judgment notwithstanding the verdict had to be considered and denied. That was the effect of the order denying the motion for a new trial. The denial of the. motion for judgment notwithstanding the verdict was implicit in the denial of the motion for a new trial. The order denying a new trial is an appealable order under section 25-1315.03, R. R. S. 1943. Under the reasoning of .our decisions in Krepcik v. Interstate Transit Lines, *ante* p. 98, 43 N. W. 2d 609, and Armer v. Omaha & Council Bluffs St. Ry. Co., *ante* p. 352, 44 N. W. 2d 640, the appeal from that order brings here for determination all matters which were considered by the trial court and which were in effect determined by the trial court. Accordingly we hold that the merit of the motion for judgment notwithstanding the verdict is before us for determination.

The father based his motion for a judgment notwithstanding the verdict on "each and all of the reasons assorted (sic) by the said defendant in making his motion for a directed verdict at the close of the evidence." That motion was for a directed verdict "for the reason that the evidence is wholly insufficient to show any liability whatsoever" against him.

In their motions for a new trial defendants assigned "Errors of law occurring at the trial and duly excepted to by defendant." This is substantially the language of section 25-1142, R. R. S. 1943. Section 25-1144, R. R. S. 1943, provides that it is sufficient to assign the grounds of the motion for a new trial in the language of the statute and without further or other particularity. See McCullough v. Omaha Coliseum Corporation, 144 Neb. 92, 12 N. W. 2d 639. All three motions are here.

The family purpose doctrine was first stated by us in

Stevens v. Luther, 105 Neb. 184, 180 N. W. 87, as follows: "* * * the owner of an automobile kept for family purposes is liable for injuries inflicted upon a stranger as a result of the negligent driving of one of his children, where the car is occupied by members of the family and is being used for one of the purposes for which it is kept." See, also, Linch v. Dobson, 108 Neb. 632, 188 N. W. 227; Thoren v. Myers, 151 Neb. 453, 37 N. W. 2d 725.

It is patent that at the time plaintiff rested his case there was no evidence that the car was a family purpose car and that the trial court erred in not sustaining the motion for a directed verdict made by the father. However, at the time the parties rested, there was sufficient evidence in the record to take the issue to the jury as to the liability of the father under the family purpose doctrine. The trial court did not err in overruling the second motion.

The motion made at the close of the plaintiff's case-in-chief was "for the reason that the evidence is wholly insufficient to show any liability whatsoever" against the father. The record does not show that the family purpose doctrine was mentioned to the court as the particular basis for the motion. The record shows that during the cross-examination of the son, when he was asked as to the conditions under which he used the car, the defendants advised the court "That is what our motion went to * * *." Thereafter the trial court admitted the evidence above recited, in part over objection. The ruling on the admission of that evidence is not here assigned as error.

So we have here this situation. Neither the plaintiff nor the trial court had attention directed to the specifically claimed failure of proof at the time the first motion was made. The necessary evidence was produced and admitted before the parties rested. Its admission is not assigned here as error. The father participated in the case throughout and testified.

Newland v. McClelland & Son, 217 Iowa 568, 250 N.

W. 229, was an action against a partnership for damages arising out of an automobile accident. There it was stated as follows: "At the close of plaintiff's case, defendants moved for a directed verdict. At this time there was no evidence that the car driven by the defendant F. E. McClelland was the property of the partnership. The motion was overruled, and defendant put in its evidence. The defendant G. McClelland was called as a witness for the defendants. After some cross-examination, this witness was made plaintiff's witness, and he then testified that the car belonged to the defendant partnership, which consisted of the witness and F. E. McClelland. At the close of all the evidence, the motion for a directed verdict was renewed by the defendants and was overruled. Appellants now complain because the motion made at the close of plaintiff's evidence was overruled because there was then no evidence of the ownership of the car by the partnership. Assuming that the motion made at the close of plaintiff's evidence should have been sustained because of the want of such evidence, the judgment of the trial court cannot be reversed, for at the time the second motion was overruled such evidence was in the record. The defendants objected to the examination of the defendant G. McClelland concerning the ownership of the car. Such objections were properly overruled. The trial court has a large discretion in matters of this kind. * * * The testimony of the witness was in the record concerning the ownership of the car by the partnership when the second motion was made. In consequence of this, the plaintiff's case was not then vulnerable to attack on the ground that the record did not disclose the ownership of the car, and in this situation the judgment cannot now be reversed for error in ruling on the first motion." The above decision rests upon the decision of the same court in Cushman v. Carbondale Fuel Co., 116 Iowa 618, 88 N. W. 817, wherein the court said: "There was a motion by defendant to direct a verdict in

its favor at the close of plaintiff's case, which was overruled. It is now contended that the evidence as then introduced was deficient in some respects, and we should pass upon the merits of the motion in the light of the evidence as it then stood, even though such deficiency may have been afterwards supplied. As it is not claimed the court erred in receiving the testimony later introduced, we cannot indorse this claim. If plaintiff, by proper evidence, makes a good case, we are not going to send it back for a new trial because it was vulnerable to objection when he first submitted it." See 5 C. J. S., Appeal and Error, § 1758, p. 1077.

Following the reasoning of these cases and under the circumstances here we hold that the trial court did not err in denying the motion for a directed verdict made at the close of all the evidence and in denying the motion for judgment notwithstanding the verdict.

Defendants' next assignment goes to the refusal of the court to permit cross-examination of the plaintiff as to a statement made in a proof of loss to an insurance company.

The plaintiff testified that he had sold the truck for $625. He then was asked if he had not been paid for collision insurance loss and made a settlement for $700. This was objected to and plaintiff moved for a mistrial. The jury was excused. The court stated that he should strike the question from the record, admonish the jury to pay no attention to it, and rule that there be no further questions along that line, and that otherwise he would have to declare a mistrial. Defendants then stated that in checking upon plaintiff's credibility as to the value of the truck, they would expect to elicit on further cross-examination that the plaintiff in a proof of loss to an insurance company on this accident declared the value of his truck to be very much different from his testimony on the witness stand. Defendants did not make further offer of proof. Plaintiff treated the offer as sufficient and objected to the offer on its merits. The court sus-

tained the objection and held "There will be no further reference to insurance in any way in the case."

The plaintiff submits that the trial court was correct, basing it upon our decision in Fielding v. Publix Cars, Inc., 130 Neb. 576, 265 N. W. 726, 105 A. L. R. 1306, where we revoked a previous rule of practice and held that "In an action against a taxicab company for injuries to a passenger, it is reversible error for the trial court to permit plaintiff on his case in chief to show that defendant is indemnified from loss by an insurance company, where such proffered evidence is not relevant to any material issue in the case."

The trial court's ruling is contra to the holding in the Fielding case. We there held that when the question of whether or not a party carries liability insurance is not relevant to some issue in the case, it is not admissible and further, if the evidence is properly admissible for any purpose, it cannot be excluded for the reason that it tends to prejudice the party because it shows or tends to show that he carries liability insurance. It is apparent that the trial court rejected the evidence and prevented defendants from proceeding further because it would show or tend to show that the plaintiff carried liability insurance. However, the evidence of plaintiff as to damages rested upon his own testimony as to the value of the truck before and after the accident. A witness may be impeached by showing that he made statements out of court contrary to those made in court in regard to a matter or matters relevant to the issue. Costello v. Hild, 152 Neb. 1, 40 N. W. 2d 228. Obviously, statements made otherwise as to that value should, when properly offered, be admitted for impeachment purposes. The trial court erred in preventing defendants from developing that evidence.

The defendants assert that their theory of the case is that a bailor and bailee relationship existed as to the use of the car and that the trial court erred in failing to submit that issue to the jury.

An examination of the instructions given does not disclose that the court gave any instruction to the jury as to the liability of the father. In view of this situation and the necessity for a new trial in any event, we do not determine the sufficiency of the evidence to establish a bailor and bailee relationship. We call attention to the established rule that the trial court must submit to and instruct the jury upon all material issues raised by the pleadings and supported by the evidence, whether requested to do so or not. Roby v. Auker, 149 Neb. 734, 32 N. W. 2d 491.

The judgment is reversed and the cause is remanded.

REVERSED AND REMANDED.

YEAGER and BOSLAUGH, JJ., concur in the result.