JEANNE NEILL, APPELLEE, v. ARTHUR McGINN, APPELLANT.

122 N. W. 2d 65

Filed May 31, 1963. No. 35395.

Matthews, Kelley & Cannon, for appellant.

Alfred A. Fiedler, Herbert F. Spielhagen, and Joseph V. Benesch, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

Plaintiff and appellee Jeanne Neill brought this action in the district court for Douglas County, for the converting, demolishing, and wrecking of a 1953 Buick automobile owned by her.

Plaintiff's petition, which was filed July 28, 1955, alleged that Harold Mangen and Arthur McGinn, both minors 14 years of age, converted the car to their own use on or about October 11, 1954; that they demolished and wrecked the car; and that its reasonable market value before the loss was $2,800, and its salvage value $150. Plaintiff also alleged she was without an automobile for 3 months and was compelled to expend $300 for transportation service during that period. William Mangen, Evelyn A. Mangen, Frank McGinn, and Virginia McGinn, the parents, respectively, of the two boys, were joined with the minors as defendants and judgment was sought against them in the sum of $2,950.

The cause was not tried in district court until June 13, 1962. Before trial the action was dismissed as to Harold Mangen, William Mangen, and Evelyn A. Mangen, on the payment of $100. At the close of the plaintiff's evidence the trial court sustained a motion to dismiss made on behalf of the defendants Frank McGinn and Virginia McGinn, leaving Arthur McGinn the only

defendant. Immediately thereafter a motion to dismiss the action as to Arthur McGinn, or direct a verdict in his favor, was made on his behalf and was overruled. The defendant Arthur McGinn offered no evidence but a stipulation was entered into by the attorneys of the parties after the conclusion of plaintiff's evidence. Thereupon, both parties having rested the defendant renewed his motion which was again overruled.

The cause was then submitted to the jury which returned a verdict for the defendant Arthur McGinn.

Plaintiff thereupon filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. Plaintiff's motion for judgment notwithstanding the verdict was overruled but her motion for a new trial was sustained by the trial court. From this ruling sustaining the motion and granting a new trial, the defendant and appellant Arthur McGinn has appealed to this court.

In accordance with the rule governing appeals from an order of the trial court granting a new trial, the parties have sustained their respective burdens. Defendant Arthur McGinn, as appellant, has brought the record here with his assignments of error. The plaintiff, as appellee, has pointed out the prejudicial errors which she contends justified the trial court's decision, and the defendant has replied. Biggs v. Gottsch, 173 Neb. 15, 112 N. W. 2d 396.

The plaintiff's undisputed testimony shows that she lived at 3510 Lincoln Boulevard, Omaha, Nebraska, in the month of October 1954. On October 2, 1954, she purchased a 1953 Buick Roadmaster automobile from Rosen-Novak. She parked the car in front of her residence and it was not there the next morning. It was located at Ninetieth and Military Avenue thereafter with a tire blown out. Later, at 8 p.m., on October 11, 1954, she again parked the car, this time on the street north of her home. She again checked at that location

an hour later and the car was gone. Plaintiff identified photographs of a demolished car.

Joseph W. Davis, testifying on behalf of plaintiff, stated he served as a deputy sheriff for Douglas County from about 1948 to 1956. On October 14, 1954, he was on duty. At about 5:07 p.m. of that day he received a telephone call to go to the office of a Doctor Bonniwell. Accordingly, he went to the doctor's office and there found an injured boy, 14 years old, by the name of Arthur McGinn. On being questioned McGinn told him he had been injured in an accident. After receiving treatment from the doctor, McGinn went with the officer to the scene of the accident and pointed out to him a wrecked car. McGinn voluntarily told the officer he had stolen the car 3 days prior to that time and had parked it during that period near his home. The officer took pictures of the automobile and identified them. These were the same photographs that had been previously identified by plaintiff as photographs of her car.

The trial court assigned as its reasons for granting a new trial that the court erred in admitting evidence concerning a sum of money paid to plaintiff by an insurance company and in not granting a mistrial when timely motion was made, and because of errors in instructions Nos. 3 and 11, given on its own motion.

The plaintiff contends that the reasons assigned by the trial court for granting a new trial were sufficient for it to exercise its discretion to sustain the motion. She also urges that the trial court erred in admitting evidence obtained by cross-examination of plaintiff that she was paid in whole or in part for her loss by other parties; and erred in not holding the answer of the defendant was a judicial admission that defendant Arthur McGinn converted plaintiff's automobile.

These are the only errors suggested by the trial court or urged by the plaintiff and no others are observed by this court from the record.

In the discussion of the question of the assigned errors

as to the admission of evidence with respect to plaintiff having indemnity insurance, and the amount thereof, it will be necessary to review the testimony concerning these matters.

The plaintiff, who first testified, attempted to prove the value of her automobile before the taking and the salvage value thereafter. On direct examination she was permitted to testify, over objections that the questions were irrelevant and immaterial, that she purchased it from Rosen-Novak and paid $2,738 for it and received $150 for the salvage. Over like objection she said she was without transportation facilities for 3 months and paid $100 a month for taxicab services in that period.

Evidence of the purchase price of the automobile, or the sale price of the salvage, or the expenses of transportation while deprived of its use in no way tended to prove the proper measure of plaintiff's damage in this cause. In Lund v. Holbrook, 153 Neb. 706, 46 N. W. 2d 130, this court held: "In an action for damages to an automobile, where the automobile cannot be placed in substantially as good condition as it was before the injury, the measure of damages is the difference between its reasonable market value immediately before and immediately after the accident. The injured party is not permitted to recover in addition thereto damages for loss of use." It is obvious that neither the purchase price nor the amount received as salvage was material to show the reasonable market value of the automobile before and after the injury.

One who has brought out improper testimony on the examination-in-chief of his own witness over proper objections cannot complain of cross-examination of the witness on the same subject. 98 C. J. S., Witnesses, § 378, p. 138; Louis Steinbaum Real Estate Co. v. Maltz (Mo. Rep.), 247 S. W. 2d 652, 31 L. R. A. 2d 1052. This court has hitherto applied this rule where incompetent evidence was elicited on cross-examination with respect to the redirect examination thereafter. Chicago, R. I.

& P. Ry. Co. v. Griffith, 44 Neb. 690, 62 N. W. 868.

Accordingly on cross-examination defendant's attorney interrogated the plaintiff both as to the purchase price and the sale price of the car which she had testified to on direct examination. The existence of such insurance was brought out in the first instance by answers given by the plaintiff to questions concerning the purchase price of the automobile in the following questions and answers: "Q. So $300 of this $2,738.55 was received as just an amount that was set for your old car, is that right? A. Right. Q. And then did you give any money down? MR. FIEDLER: Your honor, I think that is improper cross-examination, incompetent, irrelevant; the purchase price—MR. CANNON: We show this purchase price involved a lot of other things besides the purchase price. THE COURT: Objection sustained. Q. (By Mr. Cannon) Well, Mrs. Neill, do you know what besides the actual purchase price of the car was included in this $2,738.55 that your lawyer tells you you spent? A. Pardon? Q. Was there a finance charge included? A. I am sure there was. Q. Do you know how much? A. I can't remember the finance charges. Q. Were there insurance premiums included? A. No, we called our insurance company ourselves. Q. You got your insurance separately? A. I am sure we did."

When the plaintiff on cross-examination was asked about the proceeds of the salvage she received, insurance was further brought out in the testimony. "Q. Then, Mrs. Neill, you disposed of the remains of your car after it was damaged somehow. Did you have anything to do with that yourself? A. I think the insurance company, and with our attorney, and with Rosen-Novak, helped us on that. Q. They took care of that; you really didn't have much to do with that? A. No. No value to us."

It seems clear that after the plaintiff on direct examination, over objection, testified as to the purchase price of the car and sale price of the salvage that there-

after the defendant could cross-examine in respect thereto. The plaintiff's attorney made no objections to the questions except as above set out. Obviously the existence of insurance shown by answers to proper questions on cross-examination was then before the jury. The evidence does not disclose the exact kind of insurance carried but the rules established by this court logically apply to any liability insurance. In Lund v. Holbrook, *supra,* it was said: "Where the fact of whether or not a party carries liability insurance is not relevant to some issue in the case it is not admissible.

"If evidence is properly admissible for any purpose, it cannot be excluded for the reason that it tends to prejudice the party because it shows or tends to show that the party carries liability insurance."

Further on the cross-examination turned to the subject of the $100 per month concerning which plaintiff had testified that she was forced to pay for transportation.

On cross-examination she was then asked the following questions by defendant's counsel, after which plaintiff's counsel asked for a mistrial as here set out: "Q. And, therefore, the delay that was caused to you was because of the time it took you to get the cash, wasn't it? A. Not necessarily. Q. Oh? A. You know, we just bought a 50-dollar junker when we bought one. We had to use a car, naturally, to get back and forth to work. Q. The reason you had to buy a 50-dollar junker was because your insurance company wasn't paying off properly? MR. FIEDLER: I move for a mistrial. Counsel has no right to inject any insurance companies. I think it's highly irregular. He wants to prejudice the jury." There was no objection at this point going to the question of materiality or relevancy but merely a motion for mistrial on the ground of insurance having been injected in evidence. Insurance however was already before the jury and the trial court committed no error in overruling the motion for mistrial.

It however sustained the objection and the question last set out was never answered.

Thereafter, plaintiff was asked whether she had collected for the loss of her car from someone. Objections to the question were made but she had already answered "No," and the answer was allowed to stand. Defendant's attorney then made an offer of proof attempting to show plaintiff had brought suit against Rosen-Novak and National Auto Insurance, had been paid by them, and had no real interest in the outcome of the suit. Objections with reference to this line of questioning and to the offer of proof were made and sustained. The questions were not answered.

Later however the following questions were then propounded to the plaintiff and were objected to but the court permitted her to answer: "Q. (By Mr. Cannon) Mrs. Neill, have you recovered any amount from any party or any in full or in part, have you recovered any part of your loss that resulted from the destruction of your car? MR. FIEDLER: Object to this, Your Honor, as incompetent, irrelevant, and improper cross-examination. THE COURT: She may answer. (Question read by the reporter) A. Yes. Q. How much? MR. FIEDLER: Object to that, Your Honor, as incompetent, irrelevant, immaterial, tends to introduce an element in this case that is prejudicial, improper cross-examination. THE COURT: She may answer. A. $1300. Q. In order to recover that $1300, or in connection with the recovery of that $1300, did you not make a statement that the actual cash value of your automobile was $1300? A. No. Q. Did you not sign an application or a form to get that $1300, called a Proof of Loss? A. I am not sure whether it was a Proof of Loss. Q. You signed something, didn't you? A. Well, I am not sure. Q. Was it the fact that you declared that the actual cash value of your automobile was $1300? A. No, no, we had to pay the balance. Q. On your note. On your note, is that right, at Rosen-Novak? A. Yes. Q. Nevertheless, you ac-

cepted $1300 in full payment? MR. FIEDLER: I object to that— A. No." The plaintiff's counsel at this point renewed his objections to the questions on the grounds they were immaterial and irrelevant and again moved for a mistrial. The court did not rule on the motion for a mistrial but allowed the answers to stand. It however permitted no further questions concerning the $1,300 received by plaintiff.

Defendant contends that these questions were proper in order to show that plaintiff was not the real party in interest under section 25-301, R. R. S. 1943. It has been generally held, though it is not necessary in the present cause for us to decide the matter, that the issue that the plaintiff is not the real party in interest must be specially pleaded and cannot be raised by general denial as pleaded in this case. 67 C. J. S., Parties, § 113 (3), p. 1116.

Defendant also argues these last questions tended to refute the value of the car claimed by the plaintiff. It appears however that the purpose of the interrogation was to again elicit the existence of insurance and the amount thereof. The court erred in not sustaining the objections but this aspect of the cause will be further considered in relation to instruction No. 11.

The plaintiff was also required by the trial court to answer questions as to a settlement made with another person over like objection. The settlement alluded to was that with the Mangens, including the minor Harold Mangen, the other joint tort-feasor. Her answers disclosed a settlement had been made but not the amount thereof nor the person making settlement. Plaintiff contends this is also erroneous. In Tankersley v. Lincoln Traction Co., 101 Neb. 578, 163 N. W. 850, this court held that it was prejudicial error to allow counsel for the plaintiff to state to the jury the fact of such settlement and the amount thereof. The plaintiff in the case before us contends the rule should be the same in case of evidence sought to be admitted by the defendant.

In the present case however this becomes unnecessary, for us to determine since the plaintiff's counsel thereafter in open court before the jury stipulated the settlement had been made and that $100 was the amount thereof. Where the plaintiff joins with the defendant in a stipulation made in open court before the jury which discloses the existence of a settlement with a joint tort-feasor and the amount thereof, plaintiff cannot on appeal urge error because of the previous admission of evidence introduced by the defendant over plaintiff's objections showing such a settlement was consummated.

The court in submitting the cause to the jury gave the following instruction: "INSTRUCTION NO. 11. You are instructed that the testimony concerning the receipt of $1350.00 by the plaintiff should be disregarded by the jury. If you should find for the plaintiff and against the defendant the amount of the verdict should not be lessened because such sum was paid to the plaintiff. In other words, the obligation of the defendant, if you should find him liable, cannot be reduced by the $1350.00 paid to the plaintiff.

"Also, the plaintiff has been paid the sum of $100.00 in partial payment of the damage to her automobile and $452.00 salvage. You are instructed that this amount of $552.00 must be credited to the defendant in arriving at any verdict for the plaintiff in this case." The instruction appears to have been given to correct any erroneous reception of evidence with respect to the payment by the insurance company, the amount of the payment having been corrected and shown to be $1,350 by plaintiff on redirect examination, and the true amount of the salvage paid to plaintiff having been stipulated to have been $452.

The instruction was complained of by the plaintiff because the amount of the payment was again mentioned. The instruction clearly directed the jury to disregard the evidence with respect to the amount there-

of and not to deduct the same from the amount found by it to be due the plaintiff. "Where erroneous evidence is admitted by a court, and in the instructions to the jury such evidence is withdrawn by the court from their consideration, such withdrawal by the court ordinarily cures the error committed in the admission of the evidence." Danner v. Walters, 154 Neb. 506, 48 N. W. 2d 635.

Considering the evidence as a whole, we find no error was committed in receiving evidence which disclosed the existence of insurance because the answers of the witnesses came in response to proper questions on cross-examination. We further find that any error in the subsequent questions which elicited the amount thereof was cured by instruction No. 11 set out above.

The plaintiff further complains of instruction No. 3 which reads as follows: "In their answer to plaintiff's petition the defendants deny the allegations contained in the plaintiff's petition." The contention of the plaintiff with respect to this instruction is that the trial court erred in not including therein the specific denial contained in the second numbered paragraph of the defendant's answer which reads as follows: "2. Your Defendants further specifically and catigorically (sic) deny that the damage occasioned to Plaintiff vehicle was in any way caused by a wilful and intentional destruction by the minor Defendant Arthur McGinn and allege the true fact to be that said minor child at no time had any intenton to purposely damage said vehicle."

This denial was in addition to a general denial set out in the first paragraph. At the time the answer was filed the answering defendants were Arthur McGinn and his parents Frank McGinn and Virginia McGinn, who answered jointly. The parents were on motion dismissed from the action by the trial court at the conclusion of the plaintiff's evidence. Its purpose seems to have been a further defense as to the boy's parents. This because section 43-801, R. R. S. 1943, makes the

parents jointly and severally liable for the willful and intentional destruction of property by their minor or unemancipated children residing with them. The plaintiff contends this paragraph, by denying the destruction was willful and intentional, admitted that the defendant Arthur McGinn did convert the automobile, though not willfully or intentionally; and that it was a judicial admission and because of it the plaintiff was no longer required to prove that defendant converted the car and damaged it. The officer, who testified that the boy at the doctor's office admitted taking the automobile and damaging it, did not particularly identify the defendant Arthur McGinn as the same boy. He does not testify he knew the boy at the hospital or the defendant, and does not point out the present defendant as the same person. There is evidence from which inferences arise that tend to show he was the same person. The trial court in its order sustaining the motion for a new trial states the evidence was sufficient to go to the jury as to the identity of the defendant. We think its conclusion was correct. We do not however find that a general denial is inconsistent with a specific denial that the defendant did not purposely or willfully damage the car, or that the same is a judicial admission that he took the automobile, or that there was error in the giving of instruction No. 3.

For the reasons set out we find no error justifying the trial court in sustaining plaintiff's motion for a new trial. "Where a party has sustained the burden and expense of a trial, and has succeeded in securing the verdict of a jury on facts in issue, he has a right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured." Cullinane v. Milder Oil Co., 174 Neb. 162, 116 N. W. 2d 25.

It follows that the judgment of the trial court should be and is reversed and the cause remanded with directions to enter judgment on the verdict.

REVERSED AND REMANDED WITH DIRECTIONS.