JAMES S. REED ET AL., APPELLANTS, v. COUNTY OF HALL, A BODY POLITIC, ET AL., APPELLEES, SIDNEY, INC., A CORPORATION, ET AL., INTERVENERS-APPELLANTS.

256 N. W. 2d 861

Filed July 27, 1977. No. 41112.

Luebs, Tracy, Dowding, Beltzer & Leininger, for appellants and interveners-appellants.

Sam Grimminger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

Spencer, J.

In this action plaintiffs-appellants seek to enjoin the defendants-appellees, hereinafter referred to as county, from collecting taxes on certain real estate resulting from increases in assessed valuation for the years 1974 and 1975. Appellants allege the taxes are void because county failed to follow statutory procedures for giving notices of the increases in assessments for the 2 years. The interveners are two corporations who were record title holders of some of the real estate during some of the periods in question.

Appellants are individual owners of an apartment complex in Grand Island. The real estate was purchased in two parts: Phase I (west part) and Phase II (east part.) In order to obtain financing, the appellants had to borrow money at higher than the legal rate of interest for individuals. In order to accomplish this, two corporations were formed. The first corporation was Sidney, Inc., and it purchased the west part of the apartment complex and built apartments and garages thereon. The second corporation, Sidney II, Inc., was formed about a year later, and it obtained financing, obtained title, and built apartments and garages on the east part of the complex.

For a short period of time from December 1972, until August 1973, these appellants were the record title holders of Phase I, having obtained title as individuals so that the tax consequences of ownership would be reported on their individual returns. However, in order to obtain additional financing for Phase II, these individuals deeded Phase I to Sidney II, Inc., in August 1973.

In December 1973, although appellants intended to convey title to the property back to themselves, a mistake was made and instead of Sidney II, Inc., conveying title to the real estate a deed was drawn with Sidney, Inc., as the grantor.

In 1973, substantial improvements were placed on Phase II, and the county changed the appraised value of Phase II to reflect these improvements. The first dispute concerns the increased valuation for Phase II in 1974. The county treasurer's office sent notice of the increase for improvements made on the property prior to the April 1 deadline. The notice was mailed to one of the appellants, James S. Reed, at the address of the registered agent of Sidney II, Inc., in Omaha, Nebraska. The registered agent of Sidney II, Inc., was Warren Zweiback, but he had moved his offices and he denied the notice was ever received by him. It does not appear the address of the registered agent had been changed on the articles of incorporation, so it probably was the last-known address for the corporation. Appellants contend this notice was defective for three reasons: First, James S. Reed was not the record owner since he did not receive title by the December 27, 1973, deed. Second, the notice was not mailed to the last-known address of the record owner. Third, no notice was actually received.

The second dispute concerns the increased assessments on Phases I and II for 1975. The parties disagree on whether notice was sent prior to April 1, 1975. Appellants contend certain corrections were made on April 11, 1975. Because these corrections are reflected in the notice, they contend the evidence clearly shows the notice was not mailed before the deadline. County explains this by stating that two record sheets were kept since the property was resubdivided in December 1974. County contends the correction was only made on the record for the old subdivision and that the record for the new subdivision was correct. Appellants also contend there was a further defect with respect to this notice in that it did not state the old assessed value as required by section 77-1315, R. R. S. 1943. County contends this is not required since this was a new subdivision. To

further complicate the situation, the new plat describing the property by lot number, instead of by metes and bounds, was not filed until December 1974, although it had been approved in October 1972.

The final alleged defect is that the notice was not sent to the record owner. Notice was mailed to James S. Reed as president of the corporation and individually, at his Grand Island address. As previously indicated, title to the property was in Sidney II, Inc., since the attempted conveyance on December 27, 1973, to the appellants, including Reed, mistakenly had Sidney, Inc., as the grantor. The record title to the property at that time was in Sidney II, Inc.

Section 77-1315, R. R. S. 1943, provides as follows: "The county assessor or county clerk where he is ex officio county assessor shall complete his revision of the assessment rolls, schedules, lists, and returns and file them with the county clerk on or before April 1 of each year. The county assessor shall before such filing, notify the record owner of every piece of real estate which has been assessed at a higher figure than at the last previous assessment. Such notice shall be given by first-class mail, addressed to such owner's last-known address. It shall describe said real estate, and state the old and new assessed valuation thereof and the date of the convening of the board of equalization."

Section 77-1315, R. R. S. 1943, requires that a notice be given by first-class mail, addressed to the record owner's last-known address, on every piece of real estate which has been assessed at a higher figure than at the last previous assessment. County argues no notice was required in 1974 because the increased assessment was attributable solely to improvements added during the previous year. In this contention county relies on Watson Bros. Realty Co. v. County of Douglas, 149 Neb. 799, 32 N. W. 2d 763 (1948).

Watson Bros. Realty Co. involved an action to en-

join the collection of a part of real estate taxes. Watson was the owner of a tract of land in the City of Omaha on which the construction of a building was begun in June 1943, and completed in June 1944. On April 1, 1944, while the building was in process of construction, the property was assessed at $12,160 for the land and $30,000 for the improvements. Watson did not question this assessment. On April 1, 1945, the building was assessed at $72,000, adding $42,000 to the previous assessment. This was challenged by Watson, for failure of the county assessor to send the notice required by then section 77-1315, R. S. 1943.

During that period, another statute, section 77-1306, R. S. 1943, provided for an annual assessment of buildings and other improvements not previously included in the value of the land. Unlike section 77-1315, R. S. 1943, this section contained no notice requirement. The holding in Watson was predicated on section 77-1306, R. S. 1943. We there said: "The notice to an owner of property, provided for in section 77-1315, R. S. 1943, is not required in cases where real estate is assessed under the provisions of section 77-1306, R. S. 1943."

When the tax statutes were amended in 1959, section 77-1306, R. R. S. 1943, was repealed. There is now no special statute applying to the taxation of improvements. The assessor is expected to obtain this information from building reports required to be filed in the assessor's office. We agree with appellants. After the repeal of section 77-1306, R. R. S. 1943, section 77-1315, R. R. S. 1943, is the only statute applicable to the taxing of improvements. That statute provides for the mailing of a notice of the increased assessment to the record property owner.

The record indicates the address available to the county assessor's office was that of the two corporations. The notice was sent to the last-known address of the registered agent for the corporation, but it

was addressed to one of the appellants at that address rather than to the registered agent for the corporation. Because the registered agent had moved his office and the person to whom the notice was addressed had never occupied that office, the notice was not delivered. We have no hesitancy in saying that if the notice had been sent to the registered agent at that address, which was the last-known address, there would be no question of notice. That, however, was not done. The notice was defective, and the record indicates it was never received by any of the parties involved in this litigation. We hold the increased assessment for 1974 was void for lack of the notice required by section 77-1315, R. R. S. 1943.

County witnesses testified and the court found that the 1975 notice was sent prior to April 1, 1975. Appellants contend the facts show otherwise. In January 1975, appellants examined the assessment record for the subdivision, and discovered an error in the assessment for new improvements on Phase II. After discussion, it was discovered that some improvements had been counted twice. The commercial property record cards were corrected and returned to the assessor's office. At this time, the legal description on the cards was changed from Burch Subdivision to Reed's Subdivision. On March 17, 1975, Mrs. Robertson of the assessor's office prepared a tax list correction form and the value of the new improvements on Phase II was reduced. This correction was made on the assessment record for Burch Subdivision.

On April 11, 1975, appellants again talked to Mrs. Robertson and indicated the value shown on Burch Subdivision was still wrong because certain garages were included in Phase II which belonged in Phase I. Two tax list correction forms were prepared and a correction was made by transferring $22,240 from Phase II to Phase I. After both corrections had been

made, the value of improvements on Phase I was $166,952, and on Phase II, $176,646. These figures are contained in the assessment record for Reed's Subdivision and in the notice of valuation change. From this appellants argue the notice must have been sent after April 11, 1975, because the corrected figures are stated therein.

Mrs. Robertson testified the 1975 notices were prepared from the assessment records for Reed's Subdivision, and that the figures contained in that record were at all times correct. She further testified the changes she made were made on the Burch Subdivision record, and the problem arose because there were two records covering the same property. Her testimony is undisputed that the notice was compiled from the plat of Reed's Subdivision and was sent before April 1. It is the province of the trier of the facts to harmonize the testimony insofar as that is possible, and in case of conflicts, to decide as to the weight to be given the testimony of the witnesses. In the absence of obvious error, we are bound by that determination.

Appellants claim the 1975 notice was defective for failure to state the old assessed valuation on the notice. In the blank provided for "old assessed value" the notice contained the notation "new subdivision." Section 77-1315, R. R. S. 1943, provides the notice shall describe the real estate, and state the old and new assessed valuation thereon and the date of the convening of the board of equalization.

There is no question, the statute does require the old valuation. Here, however, appellants could not have been prejudiced in any way by the failure to include it. They were familiar with the fact that although the property was subdivided in 1972, the plat was not filed until December 1974. In fact, they had the assessment figure corrected in January and again in March 1975. When they received the notice with the notation "new subdivision" in the place for

the "old assessed value," they knew the assessment had been raised to cover the improvements which had been placed on the property, and knew the amount of the assessment. While we hold the old valuation should be stated even where property lines have been changed, it is merely a technical error in this instance and did not in any way affect the appellants' rights.

The last assignment of error urged by the appellants is that the notice was not sent to the record owner. Two notices of valuation changes were sent: One, to Sidney II, Inc., a Nebraska corporation, in care of James S. Reed, 405 North Pine, Grand Island, Nebraska, 68801; the other, to James S. Reed et al., at the same address. Reed admitted he received these notices of valuation change, but testified that he did not receive them until the middle of April. The trial court found they had been mailed before April 1.

At the time the 1975 notices were sent to James S. Reed, at his Grand Island address, he was the president of Sidney II, Inc., which was the record owner of all the property, because Sidney, Inc., had been mistakenly named as grantor in the warranty deed, dated December 27, 1973. Mrs. Robertson testified that Reed had given her the Grand Island address.

The notice to the corporation covered Reed's Subdivision, Lots 1 and 2, or Phase I. The notice to the appellants covered Reed's Subdivision, Lots 3, 4, and 5, or Phase II. The record indicates that at the time of the notice, appellants were dealing with the property as though the December 1973, deed had conveyed it to them. Reed testified that appellants did not become aware of the error in the conveyance until February 1976. It was corrected at that time.

Reed, at the time of the receipt of the notice on Phase II, was the president of the corporation and while he believed that the individuals were the owners of the property rather than the corporation,

all parties had notice of the increased assessment. Reed also was the one who dealt with the assessor on behalf of the appellants. On this record, the appellants could not have been prejudiced by any misstatement in the name of the record owner. We so find. We affirm the judgment of the trial court as to the 1975 tax.

For the reasons given, we reverse the judgment as to the increased valuation for the 1974 tax; we affirm the judgment as to the 1975 tax, and remand the cause to the trial court for further action pursuant to this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.

Boslaugh, J., concurring in result.