MARIAN TORREY, APPELLEE AND CROSS-APPELLANT, V. GLEN W. TORREY, APPELLANT AND CROSS-APPELLEE.

293 N. W. 2d 402

Filed June 17, 1980. No. 42767.

George A. Sommer, for appellant.

Van Steenberg, Mullin, Chaloupka, Mullin & Holyoke, for appellee.

Heard before BOSLAUGH, BRODKEY, and HASTINGS, JJ., and WARREN and FUHRMAN, District Judges.

FUHRMAN, District Judge.

This is a proceeding for dissolution of marriage. The District Court for Scotts Bluff County, Nebraska, dissolved the marriage, granted custody of the minor child to the wife, ordered the husband to pay child support and alimony, made a property division, and ordered each party to pay one-half of the fee of the attorney appointed as guardian ad litem for the minor child of the parties. The husband has appealed to this court objecting that the award of permanent alimony, the property settlement, and the requirement that he pay attorney's fees and costs were not fair and equitable. The wife has cross-appealed, claiming that she should have been awarded a more substantial portion of the property and objecting to the requirement that she pay one-half of the fee of the guardian ad litem. We affirm the judgment of the District Court.

The record shows that the parties were married in Torrington, Wyoming, on June 19, 1955. Two children were born of this marriage, Gregory Kent Torrey, 20 years of age and a junior in college at the

time of the trial, and Kurt Torrey, 13 years of age and in 8th grade at the time of the trial. Suit for dissolution was filed on August 15, 1977. Trial was had on July 31 and August 1, 1978.

Marian Torrey, the petitioner herein, was 41 years of age at time of trial. She had completed the 12th grade in school. After her marriage to the respondent, Glen W. Torrey, she worked outside the home during most of the marriage on either a full-time or part-time basis. In 1968-71, she went to beauty school and, in May 1972, she purchased a beauty shop with her sister, Phyllis Chipman.

Glen W. Torrey, the respondent herein, was 43 years of age at the time of the filing of the dissolution proceeding. He had a 12th grade education. After the marriage, he worked as a retail clothing store clerk, a ranch hand, and a grocery store clerk. In 1975, the respondent purchased the inventory in stock of the business known as Wheeler's, a men's clothing store in Scottsbluff.

At the time of the marriage, each of the parties had little personal property. During the marriage the parties have acquired a residence, the men's clothing store, a beauty shop, automobiles, guns, miscellaneous household goods and furnishings, and other miscellaneous items of personal property. In addition, Lillian Peters, a family friend, had conveyed to the respondent during the marriage a farm in Goshen County, Wyoming, a house in Torrington, Wyoming, a town lot in Yoder, Wyoming, her household furniture, a boat and trailer, certificates of deposit, and an undivided 1¼-percent landowner's royalty in a section of land in Sublette County, Wyoming.

The respondent had known Lillian Peters and her husband, George, since he was about 5 years old. This relationship with Mrs. Peters continued throughout the marriage and Mrs. Peters moved into the Torreys' home in Scottsbluff in August or September

of 1971. Mrs. Peters lived with the Torreys until June 1973 when she was taken to a hospital and then put in a rest home where she lived for 2 months before she passed away.

The trial court placed the care, custody, and control of the minor child with the petitioner and ordered the respondent to pay child support of $200 per month. The court also ordered an equitable division of the property and the payment of alimony. Petitioner was awarded the family home; the beauty salon; one of the automobiles; and household goods, furnishings, and appliances, along with alimony of $300 per month for 121 months. Respondent was awarded the farm, the clothing store, the home in Torrington, with furnishings, all guns not the property of the children, all soybeans held in storage, all tools, the royalty interest in the oil and gas well, the other automobile, the residential lot in Yoder, and the burial lots. The court also ordered that each party should have and receive as his or her own property all personal items. The court allowed attorney's fees to the petitioner's attorney, to be taxed as costs, in the sum of $5,369.52. The guardian ad litem was awarded a fee of $1,000, payable $500 by each party.

The net value of the property awarded the respondent amounts to approximately $140,000. The net value of the property awarded the petitioner was approximately $83,000. In addition, she was allowed alimony of $36,300 and attorney's fees of $5,369.52.

The basic dispute between the parties is apparently over the division of property that was given to them by Mrs. Peters. Respondent claims that the property was meant to go only to him, since the deed listed himself and Mrs. Peters as joint tenants. Petitioner introduced evidence that Mrs. Peters wanted the property to pass to both her and her husband as joint tenants, but that the respondent talked her out of this. There is evidence that the petitioner

cared for Mrs. Peters and tended to her needs, which entailed a good deal of work because of Mrs. Peters' incontinent condition. Petitioner contends that the respondent abused Mrs. Peters on numerous occasions. It is apparent that the trial court accepted the petitioner's version of the facts in dividing the property.

In an action for dissolution of marriage, a court may divide property between the parties in accordance with the equities of the situation, irrespective of how legal title is held. *Cozette v. Cozette,* 196 Neb. 780, 246 N.W.2d 473 (1976). Alimony, support, and property settlement issues must be considered together to determine whether the trial court abused its discretion. *Van Cleave v. Van Cleave,* 201 Neb. 211, 266 N.W.2d 900 (1978). In an appeal from a decree of dissolution of marriage, this court, in reaching its own findings, will give weight to the fact that the trial court observed the witnesses and their manner of testifying, and accepted one version of the facts rather than the opposite. *Blome v. Blome,* 201 Neb. 687, 271 N.W.2d 466 (1978). The rules for determining a division of property in an action for dissolution of marriage provide no mathematical formula by which such awards can be precisely determined. *Blome v. Blome, supra.* This court is not inclined to disturb the division of property made by the trial court unless it is patently unfair on the record. *Blome v. Blome, supra.*

We hold that the trial court is not bound in all cases to set aside to one party that property which was inherited or gifted to that party and divide only the remaining property between the parties. The source of property is only one of the factors to consider in the division of property. Considering all the circumstances, we have determined that the division of property made by the District Court cannot be said to have been unjust or inequitable and that division must, therefore, be affirmed.

The respondent's next assignment of error goes to that portion of the decree wherein the trial court ordered him to pay $300 a month alimony for a period of 121 months, and specified that this amount shall not terminate upon the death of either party or the remarriage of the petitioner. The trial court indicated in its decree that the payment of alimony was ordered to make the division of property equitable.

The respondent contends that the trial court erred in decreeing that the alimony payable at a monthly rate over a period of years was not subject to modification.

It is apparent from the decree that the trial court treated this alimony as a division of property. Thus, in the true sense, it is not alimony. In the instant case, judgment, in effect, has been entered for $36,300 ($300 for 121 months) against the respondent and, upon its entry, that amount became vested and not subject to modification except that a court may modify its own judgment during the term or after the term if one of the conditions specified in Neb. Rev. Stat. § 25-2001 (Reissue 1975) exists.

Since this decree provided that alimony was not terminable, as permitted by Neb. Rev. Stat. § 42-365 (Reissue 1978), it created an unqualified allowance of alimony in gross. Such an award, whether payable immediately in full or periodically in installments, and whether intended solely as a property settlement or as an allowance for support, or both, is such a definite and final adjustment of mutual rights and obligations between husband and wife as to be capable of a present vesting and to constitute an absolute judgment. *Van Pelt v. Van Pelt, ante* p. 350, 292 N.W.2d 917 (1980).

Respondent's final assignment of error contends that the trial court erred in allowing oral testimony about the contents of wills over objections and without a showing that the written documents were

lost, destroyed, or unavailable.

In a case tried to the court, either in law or in equity, the presumption obtains that the trial court, in arriving at its decision, considered only such evidence as was competent and relevant. This court will not reverse a case so tried because other evidence was admitted, if there is sufficient competent and relevant evidence in the record to sustain the judgment. *Kockrow v. Kockrow,* 191 Neb. 657, 217 N.W.2d 89 (1974). There is sufficient competent and relevant evidence in the record to sustain the judgment of the trial court herein.

Respondent further contends that the trial court's order requiring him to pay half of the $1,000 guardian ad litem's fee was an abuse of discretion. Under all the circumstances of this case, we cannot find any evidence to support a contention that this requirement was an abuse of discretion.

The judgment of the District Court is correct and is affirmed. Mrs. Torrey is allowed an attorney's fee in this court of $1,500.

AFFIRMED.