DARLENE JEFFRES, APPELLEE, v. COUNTRYSIDE HOMES OF LINCOLN, INC., A NEBRASKA CORPORATION, APPELLANT.

367 N.W.2d 728

Filed May 17, 1985.   No. 84-382.

Terrance A. Poppe of Hecht, Sweet, Alesio & Morrow, P.C., for appellant.

Douglas McArthur, for appellee.

KRIVOSHA, C.J., WHITE, and GRANT, JJ., and BRODKEY, J., Retired, and WOLF, D.J.

PER CURIAM.

The appellee, Darlene Jeffres, brought this action to recover damages to her mobile home caused by the appellant's, Countryside Homes of Lincoln, Inc.'s, negligent conduct when it moved the home from its premises pursuant to a writ of restitution. After a bench trial judgment was entered for the appellee. In *Jeffres v. Countryside Homes*, 214 Neb. 104, 333 N.W.2d 754 (1983), this court affirmed the district court's order as to the appellant's liability. However, as to the issue of damages, this court found the evidence insufficient and remanded the cause for a rehearing. Specifically, this court stated that

> our review of the record has convinced us that the testimony presented with reference to the amount of damages to the mobile home in question leaves much to be desired, and that issue should be remanded for rehearing in the court below. For example, the evidence is clear that when appellee purchased the motor home in question it contained a substantial amount of furniture. The record is also clear that appellee removed all of such furniture before the home was sold at sheriff's sale, and there is no evidence in the record as to the value of the items removed. If these items had any value at all (and they undoubtedly did), the appellant should be given credit for such value, rather than having the damages determined by the application of the price at the sale of $900 only.

*Id.* at 124, 333 N.W.2d at 764-65.

After a new trial on the issue of damages, the district court for Lancaster County, Nebraska, awarded the appellee $5,145 plus interest on that amount at the legal rate.

Basically, the errors assigned by the appellant raise two issues for this court's review: (1) Whether the trial court erred in its findings as to the fair market value of the mobile home both before and after it was damaged, and as to the fair market value of the personal property removed from the home; and (2) Whether the trial court erred in its award of prejudgment interest.

At the rehearing the trial judge, sitting without a jury, received the bill of exceptions from the original trial into

evidence. The evidence therein demonstrates that the appellee purchased the mobile home on June 27, 1975, for $9,832.50 and that it was damaged by the appellant on August 29, 1979. Thereafter, it was sold at a police sale on March 1, 1980, for $900.

Joel Phipps, a former vice president of Commonwealth Savings, testified that the day before the mobile home was damaged, $7,324.54 remained outstanding on the loan for the home; he further testified that the value of a mobile home should be approximately equal to the unpaid balance of the loan. Phipps also indicated that the Kelley Blue Book value of the home was $7,125. In Phipps' opinion, after the mobile home was damaged it was not worth in excess of $1,000. Additionally, Kenneth Ferguson, owner of a mobile home sale and repair business, testified that upon the request of Commonwealth Savings Co., he inspected the home after it was damaged and concluded "it wasn't salvageable."

At the rehearing Robert Dula, a real estate broker, testified that he had inspected the mobile home on or about January 11, 1979, and as a result of such inspection, he listed the home for sale for $9,975. Also, at the rehearing, appellee, the owner of the mobile home, testified that immediately before it was damaged it was worth $7,000 to $8,000.

With regard to the furniture removed from the mobile home prior to the salvage sale, appellee testified as to the value of each item so removed; the district court totaled the values, which, according to its calculations, amounted to $655.

The evidence presented by the appellant was in substantial conflict with that offered by the appellee.

In its order after rehearing, the district court found that the mobile home was valued at $7,000 immediately before appellant damaged it; that it was valued at $1,200 immediately afterwards; and that appellee had removed $655 worth of furniture and personal property.

When error exists only as to the issue of damages and the judgment is in other respects free from error, and it is clear that no injustice will result from doing so, a reviewing court may, when remanding a cause for a new trial, limit the new trial to such issue. *O'Neil v. Behrendt*, 212 Neb. 372, 322 N.W.2d 790

(1982).

The trial court having the issue of damages before it for a new trial on that issue, it was within the sound discretion of the trial court to decide the issue on evidence contained in the record already made at the first trial, or to take additional evidence or to try the case de novo. *Botsch v. Leigh Land Co.*, 205 Neb. 401, 288 N.W.2d 31 (1980), *appeal after remand* 210 Neb. 290, 313 N.W.2d 696 (1981). In light of this court's previous finding that the evidence as to damages left "much to be desired," it was not inconsistent with the opinion directing remand, and it was within the trial court's discretion, to receive the record from the first trial and to receive new evidence.

Appellant argues, however, that evidence of the original purchase price of the mobile home, the sale price of the mobile home at the sheriff's sale, and the principal balance of a mortgage against the mobile home was improperly received under the precedent established in *Neill v. McGinn*, 175 Neb. 369, 122 N.W.2d 65 (1963). In *Neill* the plaintiff's automobile was converted by the defendant and subsequently wrecked. The only evidence offered by the plaintiff to prove the value of the automobile before the taking and the salvage value thereafter was the purchase price and the sale price of the salvage, respectively. This court held that those prices "in no way tended to prove the proper measure of plaintiff's damage in this cause. . . . It is obvious that neither the purchase price nor the amount received as salvage was material to show the reasonable market value of the automobile before and after the injury." *Id.* at 373, 122 N.W.2d at 68.

In *Torrey v. Torrey*, 206 Neb. 485, 491, 293 N.W.2d 402, 406 (1980), this court reiterated the rule:

> In a case tried to the court, either in law or in equity, the presumption obtains that the trial court, in arriving at its decision, considered only such evidence as was competent and relevant. This court will not reverse a case so tried because other evidence was admitted, if there is sufficient competent and relevant evidence in the record to sustain the judgment.

See, also, *Kockrow v. Kockrow*, 191 Neb. 657, 217 N.W.2d 89 (1974).

In this case it cannot be said that there was not sufficient competent and relevant evidence presented. For instance, the appellee, the owner of the mobile home, testified as to its value. While the rule may be different in the case of realty, at least with respect to personal property such as the mobile home in question, the law is well settled that the owner of personalty is qualified to express an opinion of its value solely because of her status as owner. *Peck v. Masonic Manor Apartment Hotel*, 203 Neb. 308, 278 N.W.2d 589 (1979). Cf. *Langfeld v. Department of Roads*, 213 Neb. 15, 328 N.W.2d 452 (1982).

Notwithstanding the sufficient competent and relevant evidence in this case, the appellee contends that evidence of the purchase and salvage price was not inadmissible pursuant to the *Neill* decision but, rather, was admissible under the more recent Nebraska Evidence Rules, particularly Neb. Rev. Stat. § 27-401 (Reissue 1979), which defines relevant evidence. Because of this court's holding in *Torrey, supra*, and other similar decisions, it is unnecessary to decide this question.

It is likewise unnecessary to consider appellant's contention that the trial court should not have admitted the Kelley Blue Book as evidence of the value of the mobile home. Although it may be generally held that evidence of the blue book value of a vehicle of a certain make, model, and year is inadmissible absent other evidence of the condition of the particular vehicle involved in the litigation, or its optional equipment, or that the values set forth in the blue book would apply to the particular vehicle involved, see, *Jones v Morgan*, 58 Mich. App. 455, 228 N.W.2d 419 (1975); *Gaylord v. Hoar*, 122 Vt. 143, 165 A.2d 358 (1960); see, also, *Arcon Const. Co. v. S.D. Cement Plant*, 349 N.W.2d 407 (S.D. 1984), this court need not go so far as to apply the rule in this case. As stated previously, in a case tried to the court, the presumption obtains that the trial court in arriving at its decision considered only such evidence as was competent and relevant. Here, the plaintiff's testimony and the experts' testimony regarding the value of the mobile home constituted sufficient competent and relevant evidence to sustain the judgment. *Torrey, supra*. If indeed it was error to admit the blue book, such error was harmless.

As to the conflicting evidence presented by the experts, the

question, it seems, became one of credibility. "It is the province of the trier of the facts to harmonize the testimony insofar as that is possible, and in case of conflicts, to decide as to the weight to be given the testimony of the witnesses." Absent obvious error, this court is bound by that determination. *Reed v. County of Hall*, 199 Neb. 134, 140, 256 N.W.2d 861, 865 (1977). Suffice it to say that the trial court found the appellee's witnesses and the values quoted to be credible.

Concerning the first assignment of error, then, it cannot be said that the trial court erred in its findings relating to the fair market value of the mobile home both before and after it was damaged, and as to the fair market value of the personal property removed from the home. The case was tried on the theory that the mobile home was not repairable, and the trial court properly measured the damages. The measure of damages for injury to personal property which cannot be restored to its condition before the injury is the difference in the market value of the property immediately before and after the injury. *Neill v. McGinn*, 175 Neb. 369, 122 N.W.2d 65 (1963).

The appellant's final assignment of error concerns the award of prejudgment interest. The rule is well established that "[w]here a reasonable controversy exists as to the plaintiff's right to recover or as to the amount of such recovery, the claim is generally considered to be unliquidated and prejudgment interest is not allowed." *Slusarski v. American Confinement Sys.*, 218 Neb. 576, 582, 357 N.W.2d 450, 455 (1984). Owing to the conflicting evidence presented by the parties, it would seem to establish that a reasonable controversy existed. The amount of damages was the subject of diverse opinion testimony. In the past this court has disallowed prejudgment interest where the amount of the loss could not be computed without opinion or discretion. *Erin Rancho Motels v. United States F. & G. Co.*, 218 Neb. 9, 352 N.W.2d 561 (1984).

We conclude, therefore, that under the standard of review applicable in this case, the trial judge was not "clearly wrong" in his judgment for damages herein, but was correct in his computations, conclusions, and assessment of such damages except as to the allowance of prejudgment interest, and that such judgment as modified must be, and hereby is, affirmed.

*Nerud v. Haybuster Mfg.*, 215 Neb. 604, 340 N.W.2d 369 (1983).

AFFIRMED AS MODIFIED.